JOSEPH LA MARCA, Appellant, v. THE BROOKLYN PUBLIC LIBRARY, THE CITY OF NEW YORK, Respondents; S. HOWARD COHEN and Others, Defendants.— The action is brought to recover damages for personal injuries sustained by plaintiff when he stepped on a loose pipe lying on an outside stairway of the Bushwick Branch building of the Brooklyn Public Library and fell to the foot of the stairs. At the time of the accident a room in the basement of the building was in use by the board of elections for the registration of voters and the stairway in question gave access to the place of registration as well as to other rooms used for library purposes. Plaintiff's object in entering upon the stairway was to find out whether his wife might be able to register without standing in line. Darkness had fallen and there was evidence that the stairway was unlighted. The building was owned by the city of New York, but was operated and controlled by the Brooklyn Public Library, a corporation chartered by legislative act. Judgment dismissing complaint as against defendant city of New York unanimously affirmed, with costs. Since the plaintiff's evidence showed that the city had no control of any part of the building, and that the library employees were not in the employ of the city, there could be no liability on the part of the city for failure to exercise care for the safety of visitors (*Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323), or on the theory of *respondeat superior*. (*Ham* v. *Mayor*, 70 N. Y. 459.) Judgment dismissing complaint as against defendant Brooklyn Public Library reversed on the law and the facts and a new trial granted, with costs to abide the event. The Brooklyn Public Library exercised general control over the building. There was evidence from which the jury could have found that control of the stairway had not been transferred to the board of elections. In that case the Brooklyn Public Library would be in the same position as an owner in possession (*Rohlfs* v. *Weil*, 271 N. Y. 444, 448), and would have the duty of maintaining the premises in a reasonably safe condition for lawful visitors. (*Loucks* v. *Dolan*, 211 N. Y. 237.) There was *prima facie* proof that such duty had not been performed. Hagarty, Carswell, Davis, Adel and Close, JJ., concur.