■ FLAWLESS REALTY COMPANY, INC., Appellant, v BROOKLYN PUBLIC LIBRARY, Respondent.—In an action *inter alia* to recover damages for negligence, plaintiff appeals from an order of the Supreme Court, Orange County, entered July 3, 1974, which granted defendant's motion for a change of venue to Kings County. Order reversed, with $20 costs and disbursements, and motion denied. In our view, defendant Brooklyn Public Library is not a branch of the City of New York within the meaning of CPLR 504 (subd 3), which provides, *inter alia,* that the place of trial of all actions against the city shall be in the county within the city in which the cause of action arose (see *Matter of Brooklyn Public Library v Craig,* 201 App Div 722; *La Marca v Brooklyn Public Library,* 256 App Div 954). Rabin, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.

■ DAVID M. GOODMAN, Respondent, v NEW YORK UNIVERSITY, Appellant.—In an action to recover severance pay, the defendant university appeals from so much of an order of the Supreme Court, Nassau County, dated January 30, 1975, as denied its motion for summary judgment. Order reversed insofar as appealed from, without costs, and motion granted. Plaintiff, the director of a United States Navy research project conducted at the university pursuant to successive contracts, voluntarily transferred to California when the Government decided to terminate its arrangement with the university and to relocate the project in that State. His employment at the university was at will, so long as Government funding was available. He was not entitled, either by contractual agreement or university policy, to tenure or severance pay. This was fully set forth in the university's by-law 73 respecting tenure, and in a memorandum with respect to severance pay, distributed to all parties concerned, including plaintiff, at the time when the fate of the contract was in the balance and before he made his choice. We find nothing of an evidentiary nature which demonstrates the existence of a triable issue of fact. The university's motion for summary judgment should have been granted and the complaint dismissed. Gulotta, P. J., Martuscello, Christ, Brennan and Shapiro, JJ., concur.