THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT. ▮

[Cite as State v. Smith (1977), 55 Ohio App. 2d 202.]

(No. 668—Decided October 26, 1977.)

*Mr. Robert A. Jones,* prosecuting attorney, and *Mr. Robert P. Ringland,* for appellee.

*Mr. T. David Burgess,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket and journal entries; the original papers and pleadings from the County Court of Clermont County; and the transcript of the proceedings, the assignments of error, and the briefs and arguments of counsel.

The appeal is from the judgment and sentence entered and pronounced upon the verdict of a jury finding the appellant guilty of a violation of R. C. 4507.38 (Restriction against driving when license suspended, etc.) on August 24, 1976.

The first and second assignments intermesh and are considered to raise a single issue. The assignments state:

"I. The trial court erred in admitting State's exhibits one and two in contravention of the best evidence and hearsay rule.

"II. The State has failed to establish a prima facie case and a corpus delicti."

The first of the disputed exhibits is a collation of reports and records certified by the Ohio Registrar of Motor Vehicles to be true and correct copies of records in his possession relative to the appellant. Among those papers is a copy of the report of convictions and bond forfeitures of the appellant certified to the Ohio Bureau of Motor Vehicles by the Clerk of Courts of Hamilton County, reflecting a conviction of the appellant in Hamilton County Municipal Court for aggravated vehicular homicide and, *inter alia,* the suspension of appellant's Ohio driver's license from February 18, 1976, to February 18, 1979.

State's exhibit two is the registrar's certification of certain records contained in the Driver's License Division of the Ohio Bureau of Motor Vehicles reflecting the suspension of the appellant's driver's license.

The thesis adopted by appellant is that the use of copies of certified records violates "the best evidence rule" and constitutes "double hearsay."

We do not agree.

The Hamilton County Municipal Court and the Clerk of that court had a statutory duty to forward the notice of the suspension of appellant's license and the license itself to the Registrar of Motor Vehicles.[1]

It is not questioned that the registrar properly certified the records within his custody.

Consequently, we hold that where, as here, a notice of the suspension of an Ohio driver's license of an offender has been forwarded together with the license itself by a trial court and its clerk to the registrar, copies of

---

[1]The penultimate paragraph of R. C. 4507.16 provides:

"After an operator's or chauffeur's license has been suspended or revoked, the trial court shall cause the offender to deliver to the court such license, and the court or clerk of such court shall, if such license has been suspended, or revoked in connection with any of the hereinbefore mentioned crimes, forthwith forward to the registrar such license together with notice of the action of the court."

such notice and license properly certified by the registrar as being authentic shall by law be admitted as evidence of the matters stated in such reports.[a]

In the case *sub judice*, the accused did not testify. Resultantly, the certifications of the record of the suspension of his driver's license were sufficient to establish, together with the testimony of the police officer who had responded to the scene of the accident from which the appellant's citation evolved, the elements of the charge.

Accordingly, we find neither the first nor the second assignment of error to have merit and they are overruled.

The third assignment is that the judgment is contrary to law because the state failed to prove its case beyond a reasonable doubt.

Although this court, upon motion, granted leave to supplement the record, the transcript of the proceedings discloses only part of what transpired upon trial; consequently, we are unable upon the state of the record to find that the appellant has established the basis for the assertion in his last assignment. To the contrary, from all that is before us we can only conclude that the prosecution produced substantial evidence of probative value to prove every essential element of the offense charged. Therefore, the third assignment is not well taken.

The judgment of the County Court of Clermont County is affirmed.

*Judgment affirmed.*

SHANNON, P. J., PALMER and BETTMAN, JJ., concur.

---

[a] R. C. 2317.42 (Reports or certified copies to be admitted) provides:

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein."