LORTON ET AL., APPELLANTS, *v.*
ROSSFORD PUBLIC LIBRARY, APPELLEE.

(No. WD-80-31 — Decided November 21, 1980.)

*Mr. Robert W. Scott,* for appellants.

*Mr. John S. Cheetwood,* prosecuting attorney, for appellee.

BROWN, J. Plaintiffs-appellants, Kenneth J. Lorton, individually, and as father and next friend of Tammy K. Lorton, a minor 9 years of age, appeal from a judgment of the Court of Common Pleas of Wood County dismissing plaintiffs' complaint upon defendant's motion to dismiss. The motion to dismiss asserted that the complaint failed to state a claim for relief against defendant because "the Rossford Public Library or the Board of Trustees are immune from tort liability due to sovereign immunity***."

The complaint alleges that on June 27, 1979, Tammy

Lorton, aged eight, was in a building owned and occupied by the Rossford Public Library. As she was attempting to leave the building, she walked through an unmarked glass panel serving as a doorway and was severely injured. The complaint further alleges that the glass doorway was negligently placed and maintained without labels or markings warning patrons of its existence and inherent dangers and that such negligence was the proximate cause of injuries to Tammy Lorton. A second claim for relief in the complaint was for medical expenses for Tammy in the sum of $2,000 expended and to be expended by plaintiff Kenneth Lorton.

The trial court granted defendant's motion to dismiss the action and dismissed the action in a judgment entry, which, in pertinent part, stated:

"The library in question was created by virtue of [R. C.] 3375.01, et seq.

"* * *

"The Court of Claims Act became effective September 29, 1976 [*sic*], and the Rossford Public Library falls within the definition of [R. C.] 2743.01, subsections A and B.

"The Court does not pass on the issue as to whether or not the State has consented to be sued under the particular factual situation presented in the pleadings and the evidence offered.

"The Court, nevertheless, holds that [R. C.] 2743.03 recites that the Court of Claims has exclusive, original jurisdiction of all civil actions against the 'State' permitted by the waiver of immunity contained in Section 2743.02 of the Revised Code.

"This case is hereby dismissed without prejudice to the refiling in the Court of Claims."

Plaintiffs in their complaint allege that the defendant, Rossford Public Library, is an entity existing by virtue of R. C. Chapter 3375 and is subject to suit as defined therein.

The plaintiffs assert two assignments of error* which, considered together, raise the issue of whether a public library has sovereign immunity from tort liability. This requires

---

* Appellants' two assignments of error are as follow:

"1. The Court erred in dismissing the Complaint on the basis that the Defendant is a political subdivision of the state, and/or***itself.

"2. The Court erred in dismissing the Complaint on the basis that the Defendant is cloaked with sovereign immunity."

analysis of the nature of a public library, in relation to the school district in which it exists, and of the statutes which create and control a public library.

R. C. 3375.15, in pertinent part, provides:

"In any school district in which a free public library has been established, by resolution adopted by the board of education of such school district, prior to September 4, 1947, such library shall be under the control and management of a board of library trustees consisting of seven members. * * * Such board of library trustees shall organize in accordance with section 3375.32 of the Revised Code. Such board of library trustees shall have the control and management of the school district free public library and in the exercise of such control and management shall be governed by sections 3375.33 to 3375.41, inclusive, of the Revised Code.***"

R. C. 3375.33, in pertinent part, provides:

"The boards of library trustees appointed pursuant to [section]***3375.15***are bodies politic and corporate, and as such are capable of suing and being sued, contracting, acquiring, holding, possessing, and disposing of real and personal property***."

R. C. 3375.18 provides that when a school district provides facilities for a library, such "***library facilities shall be operated by the board of library trustees of such school district***."

The funding of a public library through the intangible tax fund is made to a board of public library trustees pursuant to R. C. 5707.05(B) and the procedure by which "[t]he board of trustees of any public library" may participate in such funding is outlined in R. C. 5705.28. Throughout all these statutes there is a consistent skein that the board of trustees of a public library, and the public library itself, are entities or bodies distinct and separate from the school district where they are located. This is reinforced by 1972 Ohio Atty. Gen. Opinions, No. 72-110, which indicates that public libraries are separate and distinct from "political subdivisions."

R. C. Chapter 2743, the Court of Claims Act, effective January 1, 1975, spells out the waiver of immunity of the state and the immunity of its political subdivisions from liability.

R. C. 2743.02(A) (see 137 Ohio Laws 1950) provided, in part:

"The state hereby waives***its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

In pertinent part, R. C. 2743.01 (see 136 Ohio Laws 1504-1505) provided:

"As used in Chapter 2743 of the Revised Code:

"(A) 'State' means the state of Ohio, including, without limitation, its departments, boards, offices, commissions, agencies, institutions, and other instrumentalities. It does not include political subdivisions.

"(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches."

In *Haas* v. *Hayslip* (1977), 51 Ohio St. 2d 135, the Ohio Supreme Court held that R. C. 2743.02(A) waives the state's immunity from liability, but that the legislative intent was not to waive sovereign immunity as a defense for a political subdivision as those political subdivisions are defined in R. C. 2743.01(B), except as otherwise expressed by the General Assembly, by reason of the language contained in R. C. 2743.02(B) which provides, in part, that " '[t]he state hereby waives the immunity from liability of all hospitals owned or operated by***political subdivisions and consents for them to be sued***,' " *Haas, supra,* at 138.

Our next inquiry is whether the defendant, a public library, comes within the meaning of a political subdivision, as defined in R. C. 2743.01(B), and is thereby clothed with sovereign immunity, because it is either a "school district" or "other***[body] corporate and politic responsible for governmental activities."

Our earlier analysis reveals that the defendant, Rossford Public Library, is not a "school district," but is distinct and separate from a school district. Whether such public library is a "***[body] corporate and politic responsible for governmental activities" cannot be gleaned from the complaint and

record, but requires a factual determination. The bare allegations of the complaint, to which we are confined in resolving the legal issue raised in the case at bar, do not reveal whether the defendant, a public library, is "responsible for governmental activities."

If the public library is engaged in proprietary functions, it has no sovereign immunity. *La Marca* v. *Brooklyn Public Library* (1939), 256 A.D. 954, 10 N.Y.Supp. 2d 129; *Johnston* v. *Chicago* (1913), 258 Ill. 494, 101 N.E. 960; *Nickell* v. *Windsor* (1926), 59 Ontario Law Reports 618.

Appellants' two assignments of error are well taken. The judgment of the Court of Common Pleas of Wood County is reversed, and the cause is remanded to that court for further proceedings according to law.

*Judgment reversed and*
*cause remanded.*

POTTER, P. J., and CONNORS, J., concur.