THE STATE OF OHIO (CITY OF AKRON), APPELLEE, *v.* MORRISON, APPELLANT.

(Nos. 10400 and 10401—Decided June 16, 1982.)

*Ms. Saundra Robinson,* city prosecutor, for appellee.

*Mr. J. Dean Carro* and *Appellate Review Office, School of Law, Univ. of Akron,* for appellant.

MAHONEY, P.J. Gary Morrison appeals his conviction for driving while his license was suspended pursuant to R.C. 4509.17 and driving on an expired license in separate incidents. We affirm in part, reverse in part, and remand.

Facts

On August 17, 1979, Morrison hit a telephone pole while he allegedly attempted to avoid an oncoming car. The officer investigating the accident discovered, from a computer check, that Morrison's license had been suspended under the Financial Responsibility Act, R.C. 4509.01 *et seq.,* as the result of a prior 1978 collision. Morrison protested that there must be a mistake, but he was cited for driving under suspension, and failure to control.

On June 5, 1981, police officers responded to a fight call at an address in Springfield Township. As they arrived a

woman pointed to a car pulling away from the curb. Officer Moneypenny followed the car and stopped it. He viewed Morrison switch seats with his female passenger. A computer check showed that Morrison's license had expired and he was cited accordingly.

On September 30, 1981, before the trial of all three cases began, the defendant moved to suppress any evidence obtained as a result of the June 1981 stop on grounds that the arresting officer lacked probable cause to make the stop. That motion was overruled. Trial began and the trial court found him guilty of driving under suspension on August 17, 1979 but dismissed the failure to control charge. He was also convicted of driving on an expired license on June 5, 1981.

### Assignment of Error I

"Since there was insufficient evidence to establish that the appellant had the requisite criminal culpability or *mens rea,* the city was relieved of its burden of proving every element of the crime beyond a reasonable doubt in violation of appellant's Fourteenth Amendment due process rights and the laws of Ohio."

Appellant challenges the propriety of his conviction for driving under suspension on grounds that the state failed to establish Morrison's culpability due to faulty attempts at notifying him of the original suspension. Morrison had been involved in an automobile collision in November 1978, with an Irvin Kester. As a result, Kester submitted an accident report to the Bureau of Motor Vehicles (BMV) claiming $1,433.70 in property damage to his car. On the basis of this report and the provisions of R.C. 4509.12 the Registrar of the Bureau of Motor Vehicles determined that a $1,433.70 security deposit would be required of Morrison. The BMV then proceeded to notify Morrison of this pursuant to R.C. 4509.13 which provides:

"The registrar of motor vehicles,

* * * upon determining the amount of security to be required of any person involved in such accident * * * shall give written notice to such person of the amount of security required to be deposited by him. Such notice shall inform the person of his right to a hearing if written request is made within thirty days of the mailing of the notice."

Morrison disputes the authenticity and admissibility of the state's proffer of BMV records which purport to show compliance with these notice requirements. The state was unable to controvert Morrison's evidence that he in fact did not receive the notice of the required security deposit. Despite the failure to receive actual notice, his suspension became effective April 14, 1979, in accordance with the terms of R.C. 4509.17, which provides, in part:

"* * * upon failure of any person to request a hearing as provided for in section 4509.13 of the Revised Code, or to deposit the security required under section 4509.12 of the Revised Code within thirty days after the registrar of motor vehicles has sent the notice provided for in section 4509.13 of the Revised Code, the registrar shall suspend the license of such person * * *."

The issues which we must decide are whether Morrison may attack the underlying suspension upon which his conviction is based and, if so, whether in fact the BMV effected sufficient notice in this case, by compliance with its statutory duties to send notice to the "last known address."

In order to decide whether to permit an attack upon the underlying suspension we must face the holding of this court in *State* v. *McCall* (June 21, 1978), Summit App. No. 8802, unreported, which involved an attack on the notice provided to McCall of his R.C. 4509.17 suspension. *McCall* held:

"While the act of the state in making the suspension may be open to attack or question insofar as the method of doing it

was concerned, that type of attack is not permissible as a collateral issue evidencing a lack of guilt in the traffic case.

"* * * The order of suspension is presumed valid until set aside in a proper proceeding involving the parties to the suspension. That question is not one subject to test in a criminal case involving parties other than those in the original suspension order. * * *" *Id.* at 3.

At that time this court felt that it would be inappropriate to permit a collateral attack in a proceeding which gave the BMV no opportunity to defend the suspension. This would place the burden on the licensee to attack the suspension directly in a civil proceeding. While this is the more desirable approach, the rule becomes unwieldy when reviewed in the light of constitutional due process applied to criminal proceedings. Therefore, we have reviewed the principle and now conclude that *McCall, supra,* should be overruled to the limited extent that it prohibits a defendant from showing that the BMV did not comply with the notice provisions applicable to a BMV suspension order which is the basis of a subsequent driving under suspension charge. We are compelled to allow this limited exception because it is a criminal charge.

We emphasize that we do not extend this exception to an attack on the validity of the underlying suspension itself in a criminal case. This exception is limited to a determination whether the state agency has complied with its statutory duties regarding notice of suspension to the licensee involved. The agency's certified record if it shows a mailing would ordinarily make out a prima facie case. Then the licensee would have the burden of going forward with evidence that the notice requirements were not met. However, the burden of proof beyond a reasonable doubt remains at all times on the state to show it met its statutory duty as to notice requirements. Thus, the issue of "last known address" becomes a factual issue for the trier of fact.

We also hold that Morrison need not receive actual notice of the suspension. *Townsend* v. *Dollison* (1981), 66 Ohio St. 2d 225 [20 O.O.3d 220], in effect held that, in a point suspension under R.C. 4507.40 (K), actual notice is not necessary. Furthermore, the court concluded that registered mail notice to a licensee's last known address is reasonably calculated to apprise the licensee of the license suspension. *Townsend, supra,* at 227. See, also, *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72 [4 O.O.3d 49]; *Guziak* v. *Dollison* (May 5, 1982), Summit App. No. 10457, unreported.

We see no difference between a point suspension and a security deposit suspension (R.C. 4509.17) on the issue of what notice is sufficient to meet constitutional standards. Accordingly, constructive notice reasonably calculated to apprise the licensee of the suspension is all that is required of the BMV in order for a security deposit suspension to be valid.

It remains for us to determine what type of notice is in fact provided for in R.C. 4509.13, which applies to a security deposit suspension. By its terms R.C. 4509.13 only specifies that a licensee receive "written notice" of the amount of security required and of the right to a hearing. In accordance with other statutes which regulate license suspension and *Townsend* v. *Dollison, supra,* we interpret R.C. 4509.13 to require that written notice be sent by certified mail to licensee's last known address. Such notice whether actually received or not, is reasonably calculated to inform the licensee that his license will be suspended absent compliance with the security deposit provision.

We are also compelled to determine for notice puposes, what shall constitute a licensee's "last known address." The Supreme Court has addressed this question in a case involving a notification requirement in an Ohio Bureau of Employment Services case. *Holmes* v. *Union Gospel Press* (1980), 64 Ohio St. 2d 187 [18

O.O.3d 405]. In *Holmes* the court, at page 189, said:

"* * * The requirement of R.C. 4141.28(H), that the administrator's decision on reconsideration be mailed 'to the last known post office address of the appellant,' contemplates that the administrator will mail the copy of the decision to the most current address available in the records of the bureau. * * *."

This language was cited approvingly in *Townsend* v. *Dollison, supra.* Since we have applied a notice requirement here similar to that at issue in *Townsend,* we find the court's statement in *Holmes, supra,* regarding "last known address," equally apt in the present case. We deduce from *Townsend* v. *Dollison, supra,* that notice sent to the address appearing on a licensee's most recent license application or a new address which the licensee specifically supplies[1] to the BMV is the "most current address" and complies with a statutory requirement that notice be sent to a licensee's "last known address."

Although it is not spelled out in *Townsend,* we do not believe that the BMV is required to look beyond the license application or specific information supplied by a licensee to the BMV records in order to discover a licensee's "last known address."

Appellant also argues that the state failed to establish a *mens rea* for the driving under suspension charge. In other words, Morrison contends that unless he knew or should have known of the suspension in August 1979, he could not be convicted of driving under suspension. We disagree with his contention that the state must establish a defendant's culpability in a driving under suspension case. A driving under suspension case requires only that the person drive an automobile on a public highway while his license is suspended under a provision of the Ohio Revised Code. Therefore, a charge of driving under suspension is akin to a strict liability statute and requires no culpable mental state on the part of the defendant.[2]

Having answered certain threshold questions, regarding a collateral attack on the notice provisions related to a suspension that is the basis for a subsequent criminal charge, we summarize and outline the procedural process for presenting the issue as follows. To establish a prima facie case for a driving under suspension charge the state must show that the defendant in fact drove an automobile upon a highway after the effective date of an order entered by a state agency suspending his license; and that notice of that order had been sent to the licensee's "last known address." This showing would suffice for either a point suspension case under R.C. 4507.40(K) or a sobriety test refusal suspension under R.C. 4511.191. However, unlike those statutes, a suspension evolving from R.C. 4509.13 and 4509.17 is contingent upon the licensee failing to act on the notice. Therefore, we hold that in order to establish a prima facie case under R.C. 4509.76, the state must offer some evidence, such as a certificate of mailing, which demonstrates that the BMV in fact mailed the required notice to what purports to be the licensee's last known address. Assuming a prima facie case is established, then sufficient constructive notice is presumed.

---

[1] Not every BMV accident report, traffic citation, or record of conviction necessarily contains an address furnished by the licensee. The BMV should only be required to search its files for those specifically provided by the licensee and not every hearsay form or paper that it receives from any source. ·

[2] Akron Ordinance 436.07, under which Morrison was convicted, is identical in all relevant respects to R.C. 4509.76 which would normally apply to a state charge for driving under suspension.

If the state meets its burden to present a prima facie case that the defendant drove under suspension, then, under the limited exception announced in this case, the defendant may proffer evidence to rebut the presumption of compliance by the BMV with the statutorily devised notice provisions. This attack might come in the form of subpoenaing BMV records which show that the bureau had an address more current than the one to which notice was sent. In the alternative a defendant could testify that he did not in fact receive notice and that the address used by the BMV was not an address he supplied.

In the case of Morrison which involves a R.C. 4509.17 suspension, the state has established a prima facie case of compliance with the notice requirements of R.C. 4509.13. This was accomplished by introducing a BMV packet which contained the letter sent to Morrison stating the security deposit required of him and a copy of the certified mail envelope with Morrison's case number indicating that the letter was mailed but not received. At that juncture it becomes a question for the trier of fact whether the BMV sent the notice to Morrison's last known address as defined in *Holmes, supra*. We note that the BMV print-out sheet, dated September 12, 1979, and contained in the BMV packet, includes an address different from the one printed on the notice letter. The Waterloo Road address, which appears on the notice letter, appears in only one other place in the record; that is the accident report filed by Irvin Kester in November 1978, this report was submitted by Kester and not Morrison. The issue of whether the bureau utilized Morrison's last known address when it sent the suspension notice to the Waterloo Road address remains to be determined on remand.

## Assignment of Error II

"The trial court erred in admitting into evidence a bureau of motor vehicles' packet since a proper chain of custody was not established thereby violating Criminal Rule 27 and the laws of Ohio."

Morrison challenges the admission into evidence of a BMV packet because the documents were allegedly improperly certified as official records. He also claims that the packet was inadmissible since the state failed to establish a proper chain of custody.

A chain of custody is inapplicable to the introduction of records from the BMV. The purpose being a requirement that the state establish a chain of evidence is to ensure the identity of an object which is easily substituted, tampered with or altered. For a discussion of chain of custody see *State* v. *Conley* (1971), 32 Ohio App. 2d 54, 59 [61 O.O.2d 50], and *State* v. *Moore* (1973), 47 Ohio App. 2d 181, 182 [1 O.O.3d 267]. Thus an object, such as a white powder or pill, which lacks unique identifying characteristics must be shown to have been under the care of a continuous chain of custodians up to the moment that the item is identified. Official records such as those kept by the BMV, speak for themselves and are readily identifiable as the documents they purport to be without establishing a chain of custody.

The procedure for authenticating official records for purposes of admitting them into evidence is specified in Civ. R. 44(A). Crim. R. 27 provides that Civ. R. 44 applies to criminal cases. Civ. R. 44(A) provides in part:

"* * * An official record, or an entry therein, kept within a state * * * when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that such officer has the custody. * * *"

We find that the certification stapled to the front of the BMV packet which contained the bureau's records on Morrison complies with Civ. R. 44 for purposes of admission into evidence as an official record. We admit that a more formal

compilation of the bureau records would be preferred over a set of loose papers stapled together. However, such informality does not affect the admissibility of the packet. Having been properly authenticated the trial court committed no error by admitting the BMV packet as evidence of Morrison's suspension. See *State* v. *Smith* (1977), 55 Ohio App. 2d 202 [9 O.O.3d 348].

### Assignment of Error III
"The trial court erred in overruling appellant's motion to suppress since the officer did not have reasonable grounds to stop appellant's automobile in violation of the Fourth Amendment of the United States Constitution and R.C. § 2935.03."

Morrison challenges his conviction for driving on an expired license claiming that the police lacked reasonable grounds for stopping him June 5, 1981, and, therefore, his motion to suppress should have been granted. We cannot agree.

*Brown* v. *Texas* (1979), 443 U.S. 47, provides that a person cannot be constitutionally detained unless the officer has a reasonable suspicion that the defendant was involved in criminal conduct. In the present case Officer Moneypenny responded to a fight call at 958 Chippewa Trail. Upon arriving at the scene he witnessed a woman speaking with his captain and pointing to an automobile starting to pull away from the curb. Captain Householder radioed to Moneypenny and ordered him to stop the car which Morrison was driving. After stopping the car Moneypenny observed the driver (Morrison) switch places with the female passenger. From these circumstances Officer Moneypenny could reasonably suspect that Morrison was involved in criminal conduct and thus stopped the car

and asked Morrison for his license. Consequently, we find no error in the trial court's decision to overrule Morrison's motion to suppress.

### Summary
We overrule assignments of error two and three. We sustain assignment of error one to the extent that Morrison should be permitted to challenge compliance with the applicable notice provisions as regards the suspension upon which his driving under suspension charge was predicated. Therefore, Morrison's conviction for driving on an expired license is affirmed. The conviction for driving under suspension is reversed and the cause is remanded for a new trial consistent with this opinion.

*Judgment affirmed in part and reversed in part and cause remanded.*

QUILLIN, J., concurs in part.
BELL, J., concurs in judgment only.

QUILLIN, J., concurring in part. I concur in the opinion except that portion which requires the prosecution to prove mailing of the notice of the suspension as part of its prima facie case. I believe that a suspension order must be accorded the presumption of regularity until shown to the contrary.

I agree that *Townsend* v. *Dollison* (1981), 66 Ohio St. 2d 225 [20 O.O.3d 220], stands for the proposition that a licensee has an obligation to supply his last known address to the Bureau of Motor Vehicles and, until the licensee notifies the bureau to correct his address, he cannot complain because notice is sent to the address which appears on his license. Notice to an address other than that which appears on the license may also be valid depending on the circumstances of the particular case.