■ ROBERT PAZ et al., Appellants, v CITY OF NEW YORK, Respondent, et al., Defendants.—Order of the Supreme Court, New York County (Eugene L. Nardelli, J.), entered on March 9, 1988, which granted the motion of defendant City of New York, pursuant to CPLR 3212, for summary judgment dismissing the complaint and cross claims against it, is unanimously affirmed, without costs.

Plaintiffs are a former New York City police officer and his wife. The officer was injured in the line of duty when he fell through a skylight on the roof of a branch library building that had been covered with tar paper.

It is settled that the City of New York and the New York Public Library are separate entities *(Matter of New York Pub. Lib. v New York State Pub. Employment Relations Bd.,* 45 AD2d 271, *affd* 37 NY2d 752). Accordingly, it has been held that the city is not responsible for injuries resulting from allegedly negligent maintenance of a library building *(La Marca v Brooklyn Pub. Lib.,* 256 App Div 954).

Plaintiffs contend that the city has a duty to keep the library's branch buildings in good repair, which would bring it within the scope of potential liability defined by the Court of Appeals in *Putnam v Stout* (38 NY2d 607). The agreement on which plaintiffs rely, however, contains no covenant to keep the branch buildings in good repair. The city has agreed only to provide, in its annual budget, for funds to be used by the library for maintenance of its branches. Such language may not be construed to include the specific obligations of a covenant to keep premises in good repair *(see, e.g., Schlesinger v Rockefeller Center,* 119 AD2d 462, 463). Concur—Murphy, P. J., Carro, Kassal and Rosenberger, JJ.