Plaintiff-appellant, Thomas H. Starks, appeals from a judgment of the Ohio Court of Claims dismissing two counts of his three-count complaint and granting defendant-appellee, Bureau of Motor Vehicles, summary judgment on the remaining count. Because the trial court properly granted defendant's motions, we affirm.
On December 2, 1997, plaintiff filed a complaint in the Ohio Court of Claims asserting: (1) defendant violated his federal and state due process rights by violating R.C. 4509.13 which requires notice to be sent by certified mail to the last known address of the affected party before his or her drivers' license is suspended, (2) defendant and State Farm Insurance conspired to violate plaintiff's federal and state due process rights through defendant's failure to properly notify plaintiff of his suspension pursuant to R.C. 4509.13, and (3) the First District Court of Appeals in Cincinnati violated plaintiff's federal and state rights to due process through a decision rendered in the appeal of his divorce action.
Defendant responded with a motion to dismiss, which the trial court granted in part. Initially, the court determined that it lacked jurisdiction over plaintiff's claims for relief predicated on violations of rights guaranteed by the Ohio or United States Constitutions. Thus, the court determined that plaintiff's claim for relief under the second count of his complaint was not cognizable in the Court of Claims and must be dismissed for lack of subject matter jurisdiction.
Further, noting that the allegations in the third count of plaintiff's complaint related to several allegedly erroneous rulings made in the Hamilton County Court of Common Pleas and the Hamilton County Court of Appeals in plaintiff's divorce action, the court found that neither of those entities was named as a party to the present action. Moreover the court determined that the claims for relief against either court were not cognizable in the Court of Claims because those courts are not state agencies and, to the extent the claims assert violations of plaintiff's constitutional rights, the Court of Claims lacks jurisdiction to consider those claims. Accordingly, the Court of Claims dismissed the second and third counts of plaintiff's complaint.
The parties then filed cross-motions for summary judgment relating to the first count of plaintiff's complaint. While plaintiff contended defendant was required under R.C.4509.13 to notify him by certified mail, the Court of Claims determined that notice by ordinary mail was sufficient. Because defendant sent plaintiff written notice of suspension on March 17, 1997 by regular mail pursuant to R.C. 4501.022(A) and Ohio Adm. Code 4501:1-10-01(B), the court granted summary judgment to defendant on the first count of plaintiff's complaint.
Plaintiff appeals, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS ERRED WHEN IT IGNORED THE PROVISIONS OF O.R.C 4509.12, 4509.13., 4509.14, STATE v. MORRISON, AND STATE v. FOREMAN.
 SECOND ASSIGNMENT OF ERROR
 THE COURT OF CLAIMS ERRED WHICH [SIC] IT RELEASED THE FIRST APPELLATE COURT OF OHIO FROM THE COMPLAINT.
Plaintiff's first assignment of error contends that the trial court erred in finding notice by ordinary mail to be sufficient under R.C. 4509.13. Relying on State v. Morrison
(1982), 2 Ohio App.3d 364, plaintiff contends that R.C. 4509.13
requires notification by certified mail.
Pursuant to R.C. 4509.13, the registrar of motor vehicles is to give written notice to specified persons of the amount of security required to be deposited by that person. The notice also must inform the person of his right to a hearing if written request is made within thirty days of the mailing of the notice. With specified exceptions inapplicable here, R.C. 4509.17
provides that a person's failure to request a hearing or to deposit the required security within thirty days after the registrar has sent the notice required by R.C. 4509.13 will result in suspension of the person's license and the registration of all motor vehicles owned by the person.
In Morrison, the court held that R.C. 4509.13 requires "that written notice be sent by certified mail to licensee's last known address. Such notice whether actually received or not, is reasonably calculated to inform the licensee that his license will be suspended absent compliance with the security deposit provision." Id. at 366. Subsequent to Morrison, however, the legislature enacted R.C. 4501.022 which states:
 (A) The registrar of motor vehicles shall determine the necessary or appropriate method by which written notice of an order revoking or suspending a motor vehicle driver's or commercial driver's license or requiring the surrender of a certificate of registration and registration plates may be provided to the person holding the license or the certificate of registration and registration plates. Division (A) of this section does not apply if the registrar is required to provide notification by use of a method specified by law.
Ohio Adm. Code 4501:1-10-01(B) effective May 3, 1993, provides that written notice of an order suspending a driver's license shall be sent by regular mail to the person at the person's last known address.
To the extent plaintiff relies on R.C. 119.07, his argument similarly is unpersuasive. Although R.C. 119.07 specifies that notice of an agency's order suspending a license shall be sent to the party by registered mail, return receipt requested, R.C. 119.062(B) states:
 Notwithstanding section 119.07 of the Revised Code, the registrar is not required to use registered mail, return receipt requested, in connection with an order revoking or suspending a motor vehicle driver's or commercial driver's license, or a notification to a person to surrender a certificate of registration and registration plates.
Any certified mail requirement of R.C. 119.07 applicable here is negated by virtue of the language of R.C. 119.062, which allows the registrar to use other than registered mail in notifying of license suspensions. State v. Gilbo (1994), 96 Ohio App.3d 332
(finding R.C. 119.062 allows the registrar to determine the method of providing notice of suspensions in accordance with R.C.4501.022, rendering ordinary mail notice sufficient to notify defendant that his license has been suspended).
Given the foregoing, defendant was not required to send plaintiff notice by certified mail; notice by ordinary mail was sufficient. Plaintiff's first assignment of error is overruled.
Plaintiff's second assignment of error contends the Court of Claims erred in dismissing his claim against the First District Court of Appeals. The trial court, however, did not err in dismissing plaintiff's claim directed against the Hamilton County courts, as those courts are not proper defendants in the Court of Claims.
"R.C. 2743.02(A) waives the state's immunity from liability, but the legislative intent was not to waive sovereign immunity as a defense for a political subdivision, as defined in R.C. 2743.01(B)." Lorton v. Rossford Public Library (1980),69 Ohio App.2d 82, paragraph one of the syllabus (following Haas v.Hayslip [1977], 51 Ohio St.2d 135), overruled on other grounds,Haverlack v. Portage Homes, Inc. [1982], 2 Ohio St.3d 26). If the First District Court of Appeals is a political subdivision under the Court of Claims Act, then the waiver of sovereign immunity contained in R.C. 2743.02(A), along with the potential to be sued in the Court of Claims, does not apply to the court of appeals.
R.C. 2743.01(A) defines "state" as:
 [T]he state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, officers, commissions, agencies, institutions, and other instrumentalities of the state of Ohio. "State" does not includes political subdivisions.
R.C. 2743.01(B) indicates that:
 "Political subdivisions" means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches. (Emphasis added.)
A common pleas court does not fall within the definition of "state" under R.C. 2743.01. Dalton v. Bureau of Crim.Identification Investigation (1987), 39 Ohio App.3d 123, 125
(stating that "while the `court of common pleas of each county is an instrumentality of the state and is not a political subdivision within the ordinary meaning thereof' * * * the definition of political subdivision under R.C. 2743.01(B) encompasses the common pleas court and eliminates it from the definition of state under R.C. 2743.01(A)"); Tymcio v. State (1977), 52 Ohio App.2d 298,301-302 (stating that "[d]espite the fact that the court of common pleas of each county is a state court and an instrumentality of the state, we do not find that the state's waiver of immunity from liability by R.C. 2743.02(A) extends to the Common Pleas Court of Portage County in light of the definitions set forth in R.C.2743.01(A) and (B)"); Sams v. State (Mar. 4, 1999), Franklin App. No. 98AP-645, unreported (1999 Opinions 291).
The rationale applied in those cases produces the same result when applied to the courts of appeals: the Court of Claims does not have jurisdiction over a court of appeals because a court of appeals, being responsible for governmental activities in a geographic area smaller than that of the state, is a political subdivision. Cf. Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, paragraph one of the syllabus (stating that "[g]enerally, Ohio's courts of common pleas have original jurisdiction over civil actions commenced against counties and their agencies"); Terrell v.White (1995), 104 Ohio App.3d 789 (involving action against county prosecuting attorney). Accordingly, the trial court properly concluded that the First District Court of Appeals is not a proper defendant in the Court of Claims.
Plaintiff's second assignment of error is overruled.
Having overruled both of plaintiff's assigned errors, we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
LAZARUS, P.J., and DESHLER, J., concur.