DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jeffery Pullizzi, appeals the decision of the Wayne County Municipal Court, which convicted him of driving under a twelve point suspension. This Court affirms.
 I. {¶ 2} On November 12, 2002, appellant's Ohio driver's license was administratively suspended by the Ohio Bureau of Motor Vehicles ("BMV") for having accrued twelve points on his license within two years. A notice of this suspension was sent by the BMV via regular mail to appellant's last known address in Montana on October 23, 2002. Subsequently, appellant applied and received a Montana driver's license. At this time, appellant turned in his Ohio driver's license, which at that point became void. On December 15, 2002, appellant was pulled over in Wayne County, Ohio. The appellant produced to the officer a valid Montana driver's license; however, the appellant was cited for driving under a twelve point suspension and driving under financial responsibility act suspension because his Ohio driving privileges had been suspended. At trial, the appellant was found not guilty of driving under financial responsibility act suspension, but guilty of driving under a twelve point suspension. Appellant was subsequently sentenced and timely appealed.
 II. ASSIGNMENT OF ERROR
"The trial court committed error at law by convicting the defendant-appellant of driving under suspension when the underlying suspension was not properly certified to the state which issued the driver's license and that the underlying suspension was valid."
 {¶ 3} In his sole assignment of error, appellant argues that the trial court erred in convicting him for driving under suspension. This Court disagrees.
 {¶ 4} R.C. 4507.02(D)(1) states in pertinent part:
"No person, whose operator's license * * * has been suspended * * * under any provision of the Revised Code other than Ohio Rev. Code Ann. ch. 4509 * * * shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension."
Reading the statute literally, appellant is unable to drive on Ohio roads until the suspension of his Ohio license has been terminated. The suspension of appellant's residential license is in essence the suspension of appellant's privilege to drive on Ohio roads. Even though appellant voided his Ohio license by receiving a valid Montana license, the suspension of operating privileges in the State of Ohio still remains. Appellant is precluded from driving in Ohio until the suspension of his privileges terminates. It would defeat the purpose of the statute to allow a person, whose residential driving privileges have been suspended, to obtain a foreign driver's license in order to circumvent the law and gain a non-resident exemption to the Ohio licensing requirements. This Court finds the fact that appellant had a Montana driver's license irrelevant.
 {¶ 5} To be convicted of driving under suspension, the State must show the defendant operated a motor vehicle after the beginning date of the license suspension. State v. Samsa (May 29, 1991), 9th Dist. No. 2614, citing State v. Moorison (1982), 2 Ohio App.3d 364, 367. Furthermore, the agency who is suspending the license must send notice to the licensee that their license is going to be suspended. Id. The level of notice that is required is at least constructive. Id.
 {¶ 6} The BMV sent a letter via regular mail to appellant stating that his license was being suspended. This letter gave appellant at least constructive notice of the suspension. Starks v. BMV (Aug. 5, 1999), 10th Dist. No. 98AP-1177. Since the appellant had at least constructive notice of the suspension, the suspension was procedurally correct. Appellant was stopped by a police officer while driving a motor vehicle. The stop occurred during the duration of the suspension, which is prima facie evidence that appellant operated a motor vehicle after the beginning date of the suspension. Samsa. Consequently, this Court finds appellant's conviction was proper. Appellant's sole assignment of error is overruled.
 III. {¶ 7} The decision of the Wayne County Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, J., Slaby, J., concur.