OPINION
{¶ 1} Gretchen M. Lammers appeals from a judgment of the Miamisburg Municipal Court, which found her guilty of driving under suspension. The court sentenced her to 180 days in jail, with credit for twelve days served, and suspended the remaining days. The trial court also imposed a $250 fine and one year of probation.
 {¶ 2} On the evening of January 10, 2005, Lammers had two encounters with Officer Tom Seifert of the Miami Township Police Department. First, Seifert was dispatched to an urgent care center on Springboro Pike in response to a call from the center's employees. The employees were concerned that Lammers, who was leaving the center and appeared to be intoxicated, was about to drive. Seifert talked with Lammers in the parking lot of the urgent care center, reminded her that she was under suspension and had been drinking, and instructed her that she was not to operate the vehicle for which she had keys. Another officer transported Lammers to her home after Seifert informed her that he would arrest her if she came back to operate the vehicle.
 {¶ 3} A few hours later, Seifert saw the same vehicle traveling north on Springboro Pike near the urgent care center. Seifert confirmed that Lammers was driving the vehicle and stopped her. Although she still smelled of alcohol, Lammers successfully completed field sobriety tests. She was cited for driving under suspension.
 {¶ 4} Lammers was tried on May 11, 2005. Seifert and Lammers were the only witnesses to testify at trial. Lammers was found guilty and sentenced as described above.
 {¶ 5} Lammers raises three assignments of error on appeal. We will address the first and second assignments of error together.
 {¶ 6} I. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY REFUSING TO ADMIT EVIDENCE THAT WOULD ESTABLISH THAT A REASONABLY PRUDENT PERSON WOULD HAVE JUST CAUSE TO BELIEVE HE OR SHE HAD DRIVING PRIVILEGES."
 {¶ 7} II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BY CONVICTING HER OF DRIVING UNDER SUSPENSION BECAUSE SHE REASONABLY BELIEVED THAT THE KETTERING MUNICIPAL COURT HAD GIVEN HER DRIVING PRIVILEGES."
 {¶ 8} At trial, Lammers sought to introduce evidence that the records of the Kettering Municipal Court, which imposed her suspension, reflected that she had "driving to work privileges" and, thus, that she could have reasonably believed she was authorized to drive at the time of this incident. The records of the Bureau of Motor Vehicles, which were introduced by Officer Seifert, did not reflect any driving privileges. The prosecutor objected to the introduction of the Kettering court records because defense counsel had failed to comply with the discovery agreement, which required that such evidence be presented to opposing counsel before trial. The trial court excluded the documents on that basis, although they were proffered. The court also prevented Lammers from testifying about what the Kettering judge had said about driving privileges, sustaining the state's hearsay objection. Lammers claims that the exclusion of the documentary evidence was an abuse of discretion. She did not offer any other evidence, including her own testimony, to establish that she had believed that she had limited driving privileges on the evening in question.
 {¶ 9} There are several problems with Lammers's argument. First, the proffered documents are not part of the record on appeal, and we have been unable to obtain them from the trial court. It is appellant's responsibility to ensure an adequate record is provided for purposes of appeal. App.R. 9(B); State v.Admire, Cuyahoga App. No. 80249, 2002-Ohio-3267. We cannot speculate as to what these documents might have shown, and Lammers thus fails to demonstrate prejudice.
 {¶ 10} Second, even assuming that the Kettering court records established a good faith basis for Lammers's belief that she had limited driving privileges, such a belief would not have prevented her conviction of driving under suspension. "A driving under suspension case requires only that the person drive an automobile on a public highway while his license is suspended under a provision of the Ohio Revised Code. Therefore, a charge of driving under suspension is akin to a strict liabilty statute and requires no culpable mental state on the part of the defendant." State v. Morrison (1982), 2 Ohio App.3d 364, 367,442 N.E.2d 114. See, also, State v. Harr (1992),81 Ohio App.3d 244, 249, 610 N.E.2d 1049; Warrensville Heights v. Wulu (Dec. 28, 1989), Cuyahoga App. No. 57783. Any good faith belief on Lammers's part that she possessed limited driving privileges might have served as mitigating evidence for sentencing purposes, but it would not have prevented her conviction.
 {¶ 11} Finally, we note that Lammers offered absolutely no evidence that her driving on the night in question had been work related. She had been drinking and had visited an urgent care center in the hours before her arrest, which occurred around 11:40 p.m. In the absence of any evidence to the contrary, it strains credulity for her to suggest that she was operating her vehicle within the parameters of limited driving privileges for work, or that she reasonably believed she was privileged to drive at that time and place.
 {¶ 12} The first and second assignments of error are overruled.
 {¶ 13} III. "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT BECAUSE, ALTHOUGH THERE WERE NO PENDING MOTIONS, NO PRE-SENTENCE HAD BEEN ORDERED, AND THE DEFENDANT'S CRIMINAL HISTORY WAS BEFORE THE COURT, IT DELAYED SENTENCING, INCARCERATED THE DEFENDANT UNTIL IMPOSITION OF SENTENCE AND THEREBY, VIOLATED DEFENDANT'S RIGHTS UNDER CRIM.R. 32, AND PROHIBITED DEFENDANT FROM SEEKING AN APPELLATE STAY UNDER APP.R. 8."
 {¶ 14} The trial court sentenced Lammers twelve days after finding her guilty of driving under suspension, during which time she was incarcerated. Lammers asserts that the trial court should have sentenced her immediately upon finding her guilty to avoid unnecessary delay and to allow her to seek a stay in the appellate court. She claims that the trial court did not order a presentence investigation and that her criminal history had been before the court at trial, so "there was nothing to be added to the record" that could have justified the delay. She contends that the trial court abused its discretion in incarcerating her during this period, which caused her to lose her job.
 {¶ 15} Lammers's argument is factually incorrect. Contrary to her assertions, the record reflects that the trial court did order a presentence investigation, which justified its delay in imposing sentence upon her. Furthermore, driving under suspension is a jailable offense and, in our estimation, it was not unreasonable for the trial court to incarcerate Lammers while the presentence investigation was conducted.
 {¶ 16} The third assignment of error is overruled.
 {¶ 17} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.