Fell, Appellant, *v.* Bureau of Motor Vehicles, et al., Appellees.

(No. 31079—Decided June 8, 1972.)

*Mr. Paul L. Mancino, Jr.*, for appellant.
*Mr. John T. Corrigan*, prosecuting attorney, for appellees.

Krenzler, J.  This is an appeal from the Bedford Municipal Court.  Plaintiff-appellant Thomas Fell will hereinafter be referred to as "plaintiff" and the defendants-appellees Bureau of Motor Vehicles and Fred Rice, Registrar, Bureau of Motor Vehicles, will hereinafter be referred to as the "defendant" or "registrar," which may be used interchangeably.

Plaintiff petitioned the Bedford Municipal Court seeking a review of the order of the registrar suspending his license to drive by reason of his refusal to take a chemical test for an analysis of the concentration of alcohol in his blood under R. C. 4511.191.

Defendant made an oral motion to dismiss the plaintiff's petition because it was not filed within twenty days of the date of mailing of the notice by the Registrar of Motor Vehicles as required by R. C. 4511.191(F). Oral arguments were made by the attorneys regarding the motion to dismiss. The trial court did not permit testimony. No witnesses were sworn, examined or cross examined.

The attorney for defendant stated that he had a copy of the registrar's letter which was dated August 25, 1970, but he did not have a copy of the return receipt request form. He then stated that the petition was filed on November 2, 1970, and because the petition was not filed within twenty days of the date of the letter the petition should be dismissed.

The trial court stated that the registrar's letter was dated August 25, 1970, and that the petition of the driver was filed on October 30, 1970, which was outside the twenty-day limit of R. C. 4511.191. He then granted the motion for dismissal.

Plaintiff filed a motion for a new trial, which was overruled, and the plaintiff filed this appeal on questions of law.

Plaintiff contends that he made a request for findings of fact and conclusions of law which was not complied with, but this does not appear in the record and will not be considered.

Plaintiff has set forth thirteen assignments of error as follows:

1. The judgment of the court dismissing the petition of the appellant is contrary to law.

2. The judgment of the court dismissing the petition of the appellant is contrary to the evidence.

3. The court committed prejudicial error in entering a judgment of dismissal without the taking of any evidence and solely upon the motion for counsel for the appellees.

4. The court committed prejudicial error in refusing to accept proper evidence concerning the last known address of the plaintiff appellant and then making a determination as to the motion to dismiss.

5. The court committed prejudicial error in determining that the petition of the plaintiff appellant was not timely filed as required by law.

6. The court committed prejudicial error in dismissing the petition of the plaintiff appellant where the petition on its face alleges facts which show that the same was timely filed in accordance with the provisions of R. C. 4511.191.

7. The provisions of R. C. 4511.191, which require automatic suspension of an operator's license upon submission of an affidavit are unconstitutional and void and deprive a person such as the appellant of due process of law and equal protection of the laws.

8. The Ohio General Assembly has unconstitutionally invested a municipal court with appellate jurisdiction contrary to the Ohio Constitution.

9. The procedures adopted by the Legislature in reviewing a license suspension issued under R. C. 4511.191 are unconstitutional and void.

10. The procedures delineating the scope of a hearing provided for in R. C. 4511.191 are unconstitutional and void.

11. The court committed prejudicial error in not entering a default judgment in favor of the plaintiff-appellant.

12. The administrative suspension of the license of the appellant without any evidence being offered to the Bureau of Motor Vehicles constitutes a denial of due process.

13. Other error occurring during the course of the proceedings and appearing upon the face of the record and statute in question.

The foregoing assignments of error will be consolidated and will be disposed of as follows:

Assignments of error seven through ten, twelve and thirteen will be disposed of in deciding whether the procedures established under R. C. 4511.191 regarding suspension of a driver's license for failure to take a chemical test violate due process and equal protection of the laws and thus render the statute unconstitutional.

Assignments of error one through six, and eleven, will be dealt with in deciding (1) whether the trial court com-

156

mitted prejudicial error in not holding a hearing to determine whether plaintiff's petition for review was timely filed and (2) whether the trial court committed prejudicial error in dismissing plaintiff's petition for review.

It has been recognized that with the large number of motor vehicles on our highways reckless and intoxicated drivers must be stopped. The good of the general public takes precedence over the privileges of an individual and obtaining a license to drive a car is considered a privilege and not a right. Reasonable regulations of this privilege will be permitted and the implied consent law is such a reasonable regulation.

R. C. 4511.191, the implied consent statute, is constitutional and the proceedings thereunder are civil and administrative in nature and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111; *State* v. *Starnes* (1970), 21 Ohio St. 2d 38.

In order to better understand the procedures established under the implied consent law we will review its provisions.

In substance, R. C. 4511.191 provides that any person who operates a motor vehicle on the public highways in this state is deemed to have given consent to a chemical test of his blood, breath or urine. The purpose of this test is to determine alcoholic content of the blood if one is arrested for the offense of driving while under the influence of alcohol.

After a person is arrested for the offense of driving a motor vehicle while under the influence of alcohol, he must be advised of the consequences of his refusal to submit to a chemical test. This advice will be in writing on a form prescribed by the Registrar of Motor Vehicles and must be read to such person. The form contains a statement that it was shown to the person under arrest and read to him in the presence of the arresting officer and one other police officer or civilian police employee. Such witness shall certify to this fact by signing the form. R. C. 4511.191(C).

If a person under arrest for the offense of driving while

under the influence of alcohol refuses to submit to the chemical test after having been advised of the consequences of such refusal, no chemical test shall be given. However, the Registrar of Motor Vehicles, upon receipt of a sworn report of the police officer that (1) he had reasonable grounds to believe that the arrested person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, (2) the person refused to submit to the test upon the request of the police officer and (3) the arrested person was advised of the consequences of his refusal, shall suspend his license or permit to drive for a period of six months, subject to review. R. C. 4511.-191(D).

Upon suspending the driver's license the registrar shall immediately notify the person in writing, at his last known address, and inform him that he may petition for a hearing as provided for in R. C. 4511.191(F). If the person whose license or permit to drive has been suspended petitions for a hearing or appeals any decision which is adverse to him, the suspension will begin at the termination of any hearing or appeal, unless the hearing or appeal resulted in a decision favorable to such person. R. C. 4511.191(E).

Any person whose license or permit to drive has been suspended may, within twenty days of the mailing of the notice by the registrar, file a petition in the Municipal Court or the county court, or if the person is a minor, in the juvenile court, and such petition shall allege error in the action taken by the registrar or in one or more of the matters within the scope of the hearing as noted below. R. C. 4511.191(F).

The petitioner shall notify the registrar of the filing of the petition and send him a copy. A copy of the registrar's affidavit provided for in R. C. 4511.191(C) shall be forwarded to the court.

The scope of the hearing in court shall be limited to the issues of (1) whether a police officer had reasonable grounds to believe a person had been driving a motor vehicle upon the public highways in this state while under the influence of alcohol, (2) whether the person was placed under arrest,

158

(3) whether he refused to submit to the test upon request of the officer and (4) whether he was advised of the consequences of his refusal. R. C. 4511.191(F).

The court shall decide these issues upon the registrar's certified affidavit and such additional relevant, competent and material evidence as either the registrar or the person whose license is sought to be suspended submits.

We will now address our attention to the specific issues in this case which deal with procedural rather than substantive aspects of the implied consent law.

As noted above, if a person refuses to take a chemical test as provided for in R. C. 4511.191, the test is not given and the police officer forwards a sworn statement to the registrar. When the registrar suspends the license he shall immediately notify the person in writing, at his last known address, and inform him that he may petition for a hearing as provided for in R. C. 4511.191(F).

This is only a conditional or proposed suspension because if the licensee files a petition and requests a hearing, the suspension shall not begin until the hearing on the petition, or any appeal therefrom, is terminated unfavorably for the licensee. R. C. 4511.191(E). Hence, under R. C. 4511.191 there will be a hearing and determination before the license is actually suspended unless no petition for hearing is filed. Failure of the licensee to timely file a petition would constitute a waiver of the right to a hearing.

The Supreme Court of the United States has held that procedural due process of the Fourteenth Amendment requires that notice and opportunity for a hearing must be given before a driver's license can be suspended. *Bell* v. *Burson* (1971), 402 U. S. 535; *Jennings* v. *Mahoney* (1971), 404 U. S. 25. R. C. 4511.191(E) complies with this requirement and therefore the due process argument raised by the plaintiff is not well taken.

It is noted that the plaintiff has raised issues concerning the jurisdiction of the municipal court over the peti tion for hearing as provided for in R. C. 4511.191.

The Ohio Constitution provides that the judicial pow er of the state is vested in a Supreme Court, Courts of Ap

peals, Courts of Common Pleas and such other courts as may from time to time be established. Ohio Constitution, Article IV, Sections 1 and 15. The Ohio Legislature created Municipal Courts, enacted the implied consent law, and gave the municipal courts authority to conduct the hearings provided for in R. C. 4511.191(F), (G). There is no prohibition in the Ohio Constitution against the procedure established in R. C. 4511.191 and therefore Municipal Courts have jurisdiction regarding a petition for hearing of the registrar's order of suspension under R. C. 4511.-191.

R. C. 4511.191(E) provides that the notice be in writing but does not restrict the manner of service. This gives the registrar discretion to immediately give the licensee notice in writing at his last known address personally or by mail.

Inasmuch as the registrar elected to serve the notice of the proposed suspension of the license by mail, we will not deal further with the subject of delivery by other means.

The registrar's argument is that the petition for review must be filed within twenty days of the registrar's mailing the notice, and this is jurisdictional, and that a petition filed later than twenty days after the mailing of the notice by the registrar is not timely and should be dismissed by the court.

The plaintiff contends that the language of the statute clearly requires personal service and that the licensee has twenty days from the service of the notice to petition for review.

We must determine whether we will apply a literal or a common sense approach in interpreting R. C. 4511.191 (E), (F), but in either event, these provisions must be interpreted in a fair and reasonable manner.

We are concerned with an administrative and procedural matter and the implied consent statute should be liberally construed in favor of the right of a licensee to have a review of the registrar's proposed suspension. See, *Van Meter* v. *S-S Co.* (1966), 5 Ohio St. 2d 185,

Further, it is the duty of courts in the interpretation of statutes, unless restrained by the letter, to adopt that view which will avoid absurd consequences, injustice or great inconvenience, as none of these can be presumed to have been within the legislative intent. *Moore* v. *Given* (1884), 39 Ohio St. 661.

The controlling words of R. C. 4511.191(E) are that the registrar shall immediately notify the licensee in writing at his last known address, and that he must inform the licensee that the petition for hearing must be filed within twenty days of mailing the notice. The registrar is thus charged with the duty of notifying and informing the licensee.

To notify means to give actual notice. The licensee must receive the information. Actual notice is a condition precedent to the suspension taking effect. If the registrar chooses to mail the notice of the proposed suspension there must be an effective mailing, and mail notice is not effective until received. When a statute requires notice of a proceeding but is silent concerning its form or manner of service, actual service alone will satisfy such requirement. *Moore* v. *Given, supra.*

It will be necessary to determine if the twenty-day period from the date of mailing is mandatory and absolute under any and all circumstances or whether under certain situations there will exist proper justification or excuse for the licensee to file the petition for hearing more than twenty days after the mailing of the notice by the registrar, and thus give the Municipal Court jurisdiction.

R. C. 4511.191(E) contemplates immediate mailing and immediate delivery to the licensee at his last known address. If this provision is complied with, the licensee would have a reasonable period of time to obtain the services of an attorney and file a petition for hearing if he so chooses.

Under normal circumstances mailing a letter from the city of Columbus, Ohio, and delivery to any place in Ohio will not take more than four to five days, and of this fact we will take judicial notice. This would then permit the licensee fifteen to sixteen days to decide whether to petition

for a hearing and to obtain the services of an attorney to file the petition. Under the circumstances, the twenty-day time limit provided for in R. C. 4511.191(F), is reasonable.

If the registrar immediately notifies the licensee in writing at his last known address and informs him that he may petition for a hearing, and the licensee does, in fact, petition for a hearing within twenty days of the mailing of the notice, the petition is timely filed, and the municipal court has jurisdiction.

However, a problem occurs when the registrar mails the notice to the licensee and for one of many possible reasons the licensee files his petition more than twenty days after the registrar mails the notice. This can occur if the licensee gives the police officer the wrong address; the police officer copies the wrong address; the registrar mails the notice to the wrong address; or through some mistake, error or inadvertence of the post office department the letter is delivered to the wrong address and then forwarded to the licensee. While mail service is adequate, it is not perfect, and there are many instances where mail is not received by the person to whom it is sent. Under such circumstances a petition could not be filed within the twenty-day period of mailing by the registrar. If the registrar's argument were adopted and if a licensee received the notice more than twenty days after mailing and then filed his petition for hearing in the court, the court would not have jurisdiction, and the case would be dismissed. This result is not fair or just.

If there is a delay in delivery and it is not the fault of the licensee he should not be precluded from having his day in court if he decides to petition for a hearing.

The legislative intent is clear and unambiguous. The language of R. C. 4511.191(E) means that actual written notice is mandatory. If the licensee does not receive actual notice so that he has a reasonable period of time in which to file his petition and still comply with the twenty-day provision, the petition for hearing is timely filed if it is filed within a reasonable time after receipt by the licensee.

What is a reasonable time will be determined by the

trial court in each case, based on all of the facts and circumstances.

If a petition for hearing is filed by a licensee and issues are raised by the registrar concerning the timeliness of the petition, the trial court shall not dismiss a petition for hearing until it has held a hearing and determined whether there was actual notice to the licensee. If the trial court finds that the registrar did immediately mail the notice to a licensee at his last known address and the licensee did actually receive the notice within a reasonable time and did not file his petition for review within twenty days of the mailing, the petition for hearing by the licensee will be dismissed by the court. However, if the notice is mailed by the registrar, and through error, mistake or inadvertence it is not delivered to the licensee within a reasonable time in order for him to file a petition for hearing within the twenty-day period after mailing the notice, the time in which a petition may be filed is extended for a reasonable period.

That the registrar mailed the notice to the licensee at his last known address would be prima facie evidence that it was received by the licensee. However, the licensee can rebut this presumption with competent evidence that he did not receive the notice in writing at his last known address. After hearing all of the evidence the trial court can make a factual determination as to whether the registrar gave immediate notice in writing to the licensee at his last known address.

The licensee in this case argues that the registrar did not mail the notice to his last known address. R. C. 4511.-191(E) requires that the notice by the registrar be to the last known address of the licensee. This is a mandatory requirement of the statute and if it is not complied with the suspension will not be effective. However, the licensee has the obligation to give his last known address to the police officer and if the address is in error because of his fault he cannot later be heard to complain that he did not get the notice at his last known address. R. C. 4507.13 requires that every driver's license contain the name and residence address of the licensee.

Police officers are not required to accurately determine whether the address they receive from the licensee, either from his driver's license, or orally, is the last known address of the licensee, nor is the registrar required to make any further inquiry. He only has to mail the notice to the address contained in the affidavit.

However, if the address contained in the affidavit and/or the notice to the licensee is not the address given by the licensee to the police officer, then the proposed suspension is invalid and not effective. In other words, if error is made in sending the notice to the licensee to his last known address and it is the error of the police officer or the registrar, then the suspension is not effective until the licensee receives the notice.

If there is a delay in the delivery of the notice of suspension this does not make the suspension invalid and void but only makes it ineffective until the licensee has a reasonable amount of additional time to file his petition for hearing in court.

It is incumbent upon the registrar to set up administrative procedures wherein notice of the proposed suspension would be sent to the licensee and the registrar would know within several days whether the notice was delivered to the licensee.

Ohio has provided for many different methods of notification. Civil Rules of Procedure, Rule 4.1, and the administrative procedure act, R. C. 119.06, are examples of effective mail notification.

If the registrar would follow one of these methods of notification he would avoid the problems of the instant case, and eliminate untimely petitions for hearing in the municipal courts.

Civil Rule 4.1(1) provides for service by certified mail wherein the Clerk of Courts places the document to be served in an envelope and addresses the envelope and sends it by United States mail, certified mail, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, the date of delivery and the address where delivered. The clerk then enters the fact of mail-

ing on the appearance docket and makes a similar entry when the return receipt is received by him. The clerk then files the return receipt or return envelope in the records of the action. If the envelope is returned with endorsement showing failure of delivery the clerk then notifies the attorney of record or the party and enters that fact of notification on the appearance docket.

Similarly, if the registrar's letter is returned undelivered, the registrar could forward this information to the police officer who prepared the affidavit and have him obtain the correct address or have him make the delivery. If the registrar chooses to take no further action and there was some error or mistake on the part of the police officers or the registrar's office regarding the last known address, the registrar may be charged with failure to immediately notify the licensee in writing at his last known address. The suspension would then be considered invalid until the licensee received notice in writing of the proposed suspension.

In the instant case the trial court committed error in not holding a hearing when issues were raised concerning the timeliness of the filing of the petition. The trial court should have had an evidentiary hearing regarding the mailing of the notice by the registrar to determine whether it was sent to the last known address of the licensee and whether he was notified and informed of the proposed suspension. Until the licensee gets actual notice of the proposed suspension, the court and the registrar are powerless to revoke his driver's license.

Judgment reversed and remanded for further proceedings according to law.

*Judgment reversed.*

JACKSON, J., concurs.

DAY, J., concurring. I do not agree that the implied consent statute effects either a reasonable, necessary, or constitutional regulation, but such questions have been decid-

ed by the Supreme Court of Ohio contrary to my view in cases which are binding upon me. See, *State* v. *Starnes* (1970), 21 Ohio St. 2d 38, 43-44; cf. *Hoban* v. *Rice* (1971), 25 Ohio St. 2d 111, 116.

With this caveat I concur in the conclusions of the majority opinion and the decision in the case.