WILSON *v.* DOLLISON, REGISTRAR,
BUREAU OF MOTOR VEHICLES.

[Cite as Wilson v. Dollison (1979), 61 Ohio Misc. 29 .]

(No. 79 CV H 523—Decided September 19, 1979.)

Girard Municipal Court.

*Mr. Paul R. Choppa,* Girard City Prosecutor.
*Mr. Thomas MacDonald,* Attorney for petitioner.

LUARDE, J. This cause came on to be heard on the 13th day of August, 1979, on the petition of the plaintiff, Arthur Wilson, Jr., against Dean Dollison, Registrar, and the state of Ohio, Bureau of Motor Vehicles, seeking an order of the court to reverse the order of suspension of his driver's license imposed by the defendant Registrar and the Bureau of Motor Vehicles for the reasons set forth in the petition of the plaintiff, but basically for petitioner's refusal to comply with the implied consent law, after petitioner was arrested for driving a motor vehicle under the influence of alcohol. Hereinafter, for the sake of brevity, the petitioner, Arthur Wilson, Jr., will be referred to as plaintiff and the defendants, Dean L. Dollison, Registrar, and the state of Ohio, Bureau of Motor Vehicles, will be referred to as defendants, which may be used interchangeably.

At the outset of the hearing, the prosecutor moved to dismiss the plaintiff's petition and appeal for the reason it was untimely filed. The motion of the prosecutor was argued by counsel. Briefs were to be filed by the parties within ten days, and a hearing was concluded on August 23, 1979.

In support of his motion, the prosecutor argued that Dean Dollison, Registrar, sent by certified mail under date of

March 27, 1979, from the Bureau of Motor Vehicles an official notice of the suspension of driving privileges to the plaintiff-petitioner, Arthur Wilson, Jr., at his home address of 596 Stull Avenue, Girard, Ohio, as required and prescribed by R. C. 4511.191(C), (D) and (E). However, the record shows the plaintiff-petitioner did not file his petition or appeal from the order of the suspension made by the defendants until the date of May 31, 1979; that by reason thereof his motion to dismiss the plaintiff's petition should be sustained.

It was the contention of the petitioner, who opposed the motion of the prosecutor to dismiss, that although the appeal admittedly was filed beyond the 20-day statutory period that the plaintiff did not receive any notice of suspension and had no knowledge of the suspension until he was informed by the Bureau of Motor Vehicles to surrender his registration and plates by the local office of the Bureau of Motor Vehicles.

The petitioner further argued that although he was arrested on February 16, 1979, and charged with a violation of Girard City Ordinance 333.01, driving under the influence of alcohol, and the petitioner was requested to submit to a breathalyzer or chemical test, which he admittedly refused having been warned of the consequences of the refusal, the plaintiff was subsequently found guilty of reckless operation in violation of Girard City Ordinance 333.02, in this court. (This was done by plea bargaining between the prosecutor and defense counsel.)

Following the argument of the prosecutor and plaintiff's counsel, in the instant case, on the motion of the prosecutor to dismiss the petition and appeal for not having filed it within the 20-day statutory time limit and the strenuous argument of the plaintiff, Arthur Wilson, Jr., that he did not receive the notice sent him by the defendants, this court held an evidentiary hearing in the instant case because of the similar issues raised in this case and the case of the *State* v. *Foreman* (1978), 54 Ohio Misc. 31, cited by plaintiff's counsel, with particular focus on the matter of notice of the Registrar to a licensee and the manner of that service of notice, which admittedly was by certified mail of the defendants, No. 92278, from the Ohio Department of Highway Safety, Bureau of Motor Vehicles, Columbus, Ohio, time-stamped

copy March 27, 1979, and marked defendant's Exhibit 1. In that case the court held as follows:

Notice of suspension of a driver's license under the financial responsibility law must comply with the notice requirements of the Administrative Procedure Act. Unless defendant failed to receive notice because of his culpable conduct, actual notice is required to support a conviction of driving under suspension.

Counsel in their briefs also cite the case of *Fell* v. *Bur. of Motor Vehicles* (1972), 30 Ohio App. 2d 151, decided by the Court of Appeals for Cuyahoga County. In that case the law and the procedural steps that must be taken by the licensee and the Bureau of Motor Vehicles following his refusal to take a breathalyzer or chemical test under the implied consent law, R. C. 4511.191, is well delineated in the above case of *Fell* v. *Bureau,* commencing at page 156 of that opinion by Judge Krenzler of the Court of Appeals for Cuyahoga County. The licensee in that case argued that the defendants did not mail the notice to his last known address; that R. C. 4511.191(E) requires that the notice be sent to the last known address of the licensee, a mandatory requirement of the statute and if it is not complied with the suspension will not be effective.

In the instant case the plaintiff contends that although a 20-day notice may have been mailed to him that he did not receive it and he had no knowledge of the notice until he was phoned by the local office of the Bureau of Motor Vehicles and told to bring in his registration and plates, and then and only then filed his petition on May 31, 1979, in this court seeking an order to reverse the order of the defendants on the suspension. This was some 64 days from the date the certified mail was time-stamped at Columbus, Ohio, addressed to the plaintiff at his home address.

The *Fell* opinion, at page 162, then goes on:

"However, the licensee has the obligation to give his last known address to the police officer and if the address is in error because of his fault he cannot later be heard to complain that he did not get his notice at his last known address."

Judge Krenzler, at page 163, continues:

"Police officers are not required to accurately determine whether the address they receive from the licensee, either

from his driver's license, or orally, is the last known address of the licensee, nor is the registrar required to make any further inquiry. He only has to mail the notice to the address contained in the affidavit.

"However, if the address contained in the affidavit and /or the notice to the licensee is not the address given by the licensee to the police officer, then the proposed suspension is invalid and not effective. In other words, if error is made in sending the notice to the licensee to his last known address and it is the error of the police officer or the registrar, then the suspension is not effective until the licensee receives the notice.

"If there is a delay in the delivery of the notice of suspension this does not make the suspension invalid and void but only makes it ineffective until the licensee has a reasonable amount of additional time to file his petition for hearing in court."

The *Fell* case then goes on to discuss the many different methods of notification in cases of this kind. Civ. R. 4.1, and the Administrative Procedure Act, R. C. 119.06, are examples of effective mail notification. Civ. R. 4.1(1) provides for service by certified mail, which method of service was used by the defendants in the case at bar, properly addressed to the plaintiff, Arthur Wilson, Jr., at his home, 596 Stull Avenue, Girard, Ohio, where the evidence revealed he had resided for some six continuous years, up to and including the date of this hearing.

The opinion in the *Fell* case concluded by stating that the trial court committed error in not holding a hearing when issues were raised concerning the timeliness of the filing of the petition; that the trial court should have had an evidentiary hearing regarding the mailing of the notice by the Registrar to determine whether it was sent to the last known address of the licensee and whether he was notified and informed of the proposed suspension. The opinion concluded that until the licensee gets actual notice of the proposed suspension, the court and the Registrar are powerless to revoke his driver's license. The reviewing court reversed and remanded the case for further proceedings according to law.

In the instant case, this court conducted an evidentiary hearing and the first witness to be called was Roger Gardner,

Station Manager of the Girard, Ohio, Post Office, who testified that the carrier signs for all registered or certified mail and that he then takes it to the home of the addressee and if he is not home the notice form is put in his box at the post office. He further testified that the notice does not necessarily indicate the sender's name. This initial notice was dated March 29, 1979, on the notice of the certified mail and was initialed "A. D. L. N." as noted on defendant's Exhibit 1, which was explained to mean "Attempted Delivery - Left Notice." He went on to testify that the normal procedure is that after five to fifteen days the registered or certified mail is then sent back to the sender and this was done on April 17, 1979, as time-stamped on defendant's Exhibit 1. On cross-examination this witness testified, when referring to the certified letter and the notation thereon, that he had been to the plaintiff's home; that there is a lock box and if there is no answer then a postal notice is provided for.

The next witness to testify was Mr. Joseph Kroynovick, a letter carrier for the Girard Postal Office for the past ten and one-half years. It was at this point that defendant's Exhibit 1, the certified mail, was marked at the hearing, being the letter from the Ohio Department of Highway Safety Bureau of Motor Vehicles, which he identified. Mr. Kroynovick testified that he took the certified mail to the plaintiff's home at 596 Stull Avenue, Girard, Ohio 44420; that he left the standard form of notice and put it in his mailbox and locked it up. This witness further testified that the addressee, Arthur Wilson, Jr., has come to get mail at the post office sometimes; that the certified mail was mailed out of Columbus March 27, 1979, and after attempt to serve the certified mail it was mailed back to Columbus on April 17, 1979, some 19 days from the first attempt at delivery. He also testified that usually more than one notice is given to the addressee at the residence.

The plaintiff, Arthur Wilson, Jr., took the stand and testified that he has lived at this address six years and the mailboxes are in the hallway and that he did not receive the notice of suspension.

Mr. James Copham, the postmaster, was called as the next witness and he offered the testimony that he is familiar with the process on certified mail and that certified mail is a

proper and legal form of service on people and there being different routes in the city, a carrier signs out for certified or other special mail with the registration number. If it is certified mail, the carrier signs for it and that night a receipt is signed and he quoted it is given a number, "3849 B." If the letter is not delivered, the carrier would sign a form "Not Delivered" and the form left with the addressee reads, "Please call at Post Office for certified mail."

Mr. Copham's testimony continued that if after five days the letter has not been called for, the carrier is given a second notice of delivery and if delivery is not effected, then the mail is marked "Unclaimed" and returned to sender. The postmaster further testified that certified mail is governed by government regulations and this method of service is considered "good service" over the objection of attorney for the plaintiff. He testified this man has been here six years and that there has never been any question of the post office having made legal service under their regulations.

It is interesting to note that Judge Merz in his opinion in the *Foreman* case, *supra,* at page 35, wrote the following:

"The Court of Appeals for Hamilton County has rejected the actual notice requirement of *Fell* in another implied consent case, *Ryan* v. *Andrews* (1976), 50 Ohio App. 2d 72. The *Ryan* court emphasized the ways in which a recalcitrant driver could thwart the purposes of the suspension statutes by moving or not accepting mail from the bureau. However, it was clear in the *Ryan* case that the driver there had *in fact* engaged in such dilatory conduct."

The *Ryan* case referred to by Judge Merz held as follows:

"A person who neglects to inform the Bureau of Motor Vehicles of a change in his mailing address or who fails to claim a letter sent by certified mail may not later complain that he did not receive notice of the suspension of his operator's license prior to the lapse of his appeal time."

It is important to note that in the opinion of the *Ryan* case, *supra,* the Court of Appeals for Hamilton County made the following pertinent observation:

"The Supreme Court of Ohio has adopted the proposition that the right of a citizen to operate a motor vehicle upon the highways of this state is not a natural or unrestricted right, but a privilege which is subject to reasonable regulation

under the police power of the state, in the interest of public safety and welfare. One such reasonable regulation is that the registrar only notify the person at his last known address, not that actual notification be provided (as the *Fell* court held). Such a regulation imposes a burden on the person to inform the registrar of a change in his address, a burden we feel that is not unreasonable when associated with the privilege to operate a motor vehicle on the highways of this state. In the interest of public safety and welfare, it is reasonable to suspend, under appropriate circumstances, this right to drive as quickly as possible. Requiring actual notification would thwart this purpose, since one could delay the suspension by moving and not leaving a forwarding address, or refusing to accept mail from the Bureau of Motor Vehicles. The Bureau would then be put to the task of sending out field investigators to serve suspension notices. This would be a costly, time consuming and unnecessary restriction upon the operation of the Bureau of Motor Vehicles."

It is the finding and conclusion of this court that the petitioner, Arthur Wilson, Jr., engaged in dilatory conduct in not accepting the certified mail properly addressed to him at his home where he has lived constantly up to the present time for six years and that he failed to receive the notice because of his culpable conduct in not accepting the notice provided for him by the postal department for this certified mail and allowed it to be returned to the defendants at Columbus, Ohio, after a three-week period, and then only to become alarmed when he was called by the local BMV office sometime later that he was to turn in his plates and registrations, etc.; and that he then engaged counsel to file the petition seeking an order to reverse the order of the Registrar suspending his license.

The court, therefore, upon the evidence received finds that the defendants, the Registrar and Bureau of Motor Vehicles, mailed the notification of the suspension of plaintiff's driving rights on 3-27-79. Plaintiff filed his appeal on 5-31-79, more than 20 days beyond the mailing to his last known address, in fact, 64 days from the date the certified mail was time-stamped and mailed at Columbus, Ohio, addressed to the plaintiff at his home address where he had continuously resided for six years. The facts in this case ex-

emplify the necessity of requiring only a mailing to the last known address. The court finds that this did not satisfy the jurisdictional requirement contained in R. C. 4511.191(F), and that the plaintiff failed to claim the letter sent by certified mail and was dilatory in this regard and was guilty of culpable conduct. The court says he cannot later complain that he did not know of the suspension until after the 20-day appeal time has elapsed and escape the consequences of the suspension.

Therefore, it is the order of this court that the plaintiff's petition is denied and the prosecutor's motion to dismiss the plaintiff's petition is hereby sustained for not having been filed in a timely manner as provided by law.

*Motion to dismiss sustained.*