The STATE of Ohio, Appellee,

v.

HAPSIC, Appellant

[Cite as *State v. Hapsic* (1991), 73 Ohio App.3d 804.]

Court of Appeals of Ohio,
Trumbull County.

No. 90-T-4483.

Decided July 8, 1991.

*Bruce Bennett,* Niles City Prosecutor, for appellee.

*Charles A. Ziegler,* Assistant Public Defender, for appellant.

---

FORD, Presiding Judge.

This is an appeal from the trial court's judgment denying appellant's motion to dismiss. The stipulated facts are as follows:

"1. On February 28, 1990, Appellant, DANIEL HAPSIC, was charged with the offense of No Operator's License, a violation of Section 4507.02 of the Ohio Revised Code, by the Weathersfield Township Police.

"2. The traffic stop occurred when DANIEL HAPSIC was observed by the Weathersfield Township Police Officer driving south on State Route 46 proceeding through a red light. MR. HAPSIC was given a verbal warning regarding the red light, but upon a computer check of MR. HAPSIC'S driver's license, MR. HAPSIC was charged with No Operator's License as stated above.

"3. On January 12, 1990, the Ohio Bureau of Motor Vehicles mailed notice of a 12 Point Suspension by certified mail to DANIEL HAPSIC's last known address. DANIEL HAPSIC had accumulated 12 points against his license.

"4. The notice of suspension mailed by the Bureau of Motor Vehicles was not received by MR. HAPSIC, who had moved prior to the mailing of the notice by the Bureau of Motor Vehicles.

"5. The Ohio Bureau of Motor Vehicles instituted the 12 Point Suspension of DANIEL HAPSIC's driver's license after the appeal time lapsed and no appeal had been filed.

"6. Appellant, DANIEL HAPSIC, entered a plea of 'not guilty' and moved to dismiss the charge of No Operator's License for lack of service of the suspension notice upon Appellant.

"7. Both the State of Ohio and DANIEL HAPSIC agreed to present the case to the trial court for disposition on stipulated facts as set out above.

"8. On August 27, 1990, the trial court issued the following 'Decision and Journal Entry':

" 'This matter is before the Court on Stipulations of Fact entered into by the State and Defense. The Defendant had filed a Motion to Dismiss. The Parties agreed to present the entire case for disposition on the stipulated facts.

" 'The Court finds the Defendant guilty of this offense on the facts presented. The mailing of notice to the last known address (i.e. the address

on the most recent license renewal) is sufficient. *Townsend v. Dollison* [1981], 66 Ohio St.2d 225 [20 O.O.3d 220, 421 N.E.2d 146]; *State v. Morrison* [1982], 2 Ohio App.3d 364 [2 OBR 421, 442 N.E.2d 114]. Proof of mailing establishes a prima facie case. *Townsend* and *Morrison, supra.* The Defendant may rebut this presumption of compliance by the BMV; *Morrison, supra,* at 368 [2 OBR at 425, 442 N.E.2d at 119], mere evidence that the Defendant moved prior to mailing is not sufficient.

" 'This case shall be set for sentencing. Bond continued.'

"9. On October 3, 1990, Appellant DANIEL HAPSIC, was fined fifty dollars plus court costs and sentenced to 10 days in jail. The jail time was suspended by the Court.

"10. From said conviction and sentencing, Appellant timely filed his Appeal to the Eleventh District Court of Appeals."

Appellant timely presents the following assignment of error:

"The trial court erred in holding that the appellant was properly served notice of a 12 point suspension by the Bureau of Motor Vehicles, when the notice was never delivered to appellant, as said notice was mailed to appellant's previous address and not forwarded to appellee."

In the sole assignment of error, appellant essentially argues that notice means actual notice, and cites *Fell v. Bur. of Motor Vehicles* (1972), 30 Ohio App.2d 151, 59 O.O.2d 269, 283 N.E.2d 825, for that proposition.

R.C. 4507.02(D) provides, in part:

"(1) No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended or revoked under any provision of the Revised Code other than Chapter 4509. of the Revised Code * * * shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension or within one year after the date of the revocation."

Further, R.C. 4507.021(K) (formerly R.C. 4507.40[K]) states that:

"When, upon determination of the registrar, any person has charged against him a total of not less than twelve points within a period of two years from the date of the first conviction within the two-year period, the registrar shall notify the person by certified mail sent to the *licensee's last known address,* that his driver's or commercial driver's license shall be suspended for six months. * * * " (Emphasis added.)

*Townsend v. Dollison* (1981), 66 Ohio St.2d 225, 20 O.O.3d 220, 421 N.E.2d 146, was certified to the Ohio Supreme Court from the Ninth Appellate District on the grounds that it was in conflict with *Fell, supra.* In *Fell,* the court held that "to notify means to give actual notice." In *Townsend,* the

Ninth District held that the notice requirements had been complied with when the Bureau of Motor Vehicles ("BMV") sent the suspension notice to appellant's last known address. The Supreme Court affirmed the Ninth District.

It would appear that the effect of the Supreme Court decision in *Townsend* should have partially negated the holding in *Fell*, but the court did not expressly overrule any portion of *Fell*. Further, in *Fell*, the controlling statute was R.C. 4511.191, regarding implied consent to a chemical test, whereas the relevant statute in *Townsend* was R.C. 4507.40(K), now R.C. 4507.021(K), which is the pertinent statute at bar.

Therefore, the law in Ohio on the question of what notice is appropriate for a suspension of a driver's license pursuant to R.C. 4507.021(K) is governed by *Townsend*, where the court ruled that a driver whose license was suspended after the accumulation of twelve points was not denied due process of law when he did not receive *actual* notice. *Id.*, 66 Ohio St.2d at 227, 20 O.O.3d at 221, 421 N.E.2d at 147.

The driver in *Townsend* did not receive notice of the suspension of his driver's license because the driver had failed to provide the BMV with his most recent address. The notice was sent to the driver's last known address. The *Townsend* court quoted the provisions of R.C. 4507.40(K) (now R.C. 4507.021), and held that:

"R.C. 4507.40(K) requires that notice by the registrar be sent to the last known address of the licensee. This is a mandatory requirement of the statute. The licensee, however, has the obligation to supply his last known address. 'A letter mailed to an incorrect address supplied by the person involved constitutes neglect on his part. * * *' [Citation omitted.] '[I]f the address is in error because of his fault * * * [the licensee] cannot later be heard to complain that he did not get the notice at his last known address.' * * *" *Townsend*, 66 Ohio St.2d at 228, 20 O.O.3d at 222, 421 N.E.2d at 148.

As in *Townsend*, the facts in the instant case demonstrate that the failure of appellant to receive notice of the suspension cannot be attributed to the BMV. It appears from the record that appellant failed to submit his correct address to the BMV when he moved to his new address. Inasmuch as appellant stipulated that the notice was mailed to him at his last known address, no error or mistake may be assumed against the BMV. *Id.*, 66 Ohio St.2d at 228, 20 O.O.3d at 222, 421 N.E.2d at 148.

This court finds it necessary to address the additional cases cited by appellant in support of his argument that actual notice is required for an effective valid suspension to occur. In particular, appellant refers to *State v. Simmons* (M.C.1960), 85 Ohio Law Abs. 1, 172 N.E.2d 194; *State v. Foreman*

(1978), 54 Ohio Misc. 31, 8 O.O.3d 343, 376 N.E.2d 987; and *Wooster v. Pickett* (M.C.1979), 13 O.O.3d 407.

These cases are clearly distinguishable from the case at bar, and to the extent that the cases conflict with *Townsend,* they must be disregarded.

The earlier case of *Simmons* considered the issue of notice required under R.C. 4507.40. The precedential value of *Simmons* is limited, however, because the court noted that all its statements regarding notice requirements were dicta, since in the same arraignment that the driver claimed that he had no notice of a prior license suspension, he also pleaded guilty to a charge of speeding, which resulted in the prompt suspension of his license. Therefore, the driver was no longer under any misapprehension as to his right to drive, when the case proceeded to trial. See *State v. Cook* (1991), 73 Ohio App.3d 80, 84, 596 N.E.2d 578, 581. Further, the dicta regarding actual notice being required was effectively overruled in *Townsend.*

Moreover, in *Pickett,* the court determined that R.C. Chapter 4509 (financial responsibility) and R.C. Chapter 4507 had identical statutory schemes and therefore both required actual notice as delineated in R.C. Chapter 119. This court finds the comparison in *Pickett* unpersuasive with regard to R.C. 4507.021(K), since the latter actually sets out the specific directions to the registrar for notice, whereas R.C. Chapter 4509 incorporates in full the notice provisions of R.C. Chapter 119. Further, *Townsend* has determined that R.C. 4507.021(K) does *not* require "actual" notice and is therefore the controlling law. *Foreman* also addresses the financial responsibility suspension under R.C. Chapter 4509, and is likewise inapplicable to the case at bar for the reasons stated above.

Therefore, the mailing of the suspension notice by certified mail to appellant's last known address was done in a manner reasonably calculated to result in notice being received per *Townsend.*

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

, JOSEPH E. MAHONEY and NADER, JJ., concur.