**The STATE of Ohio, Appellee,**

v.

**COX, Appellant.**

[Cite as *State v. Cox* (1994), 98 Ohio App.3d 318.]

Court of Appeals of Ohio,
Lawrence County.

No. 93 CA 43.

Decided Oct. 31, 1994.

*Charles Cooper,* Lawrence County Assistant Prosecuting Attorney, for appellee.

*Gene Meadows,* for appellant Gene D. Cox.

GREY, Judge.

This is an appeal from a judgment of the Municipal Court of Ironton, Ohio. Cox was found guilty of driving while under suspension. We affirm.

On September 10, 1993, Captain Carter of the Ironton Police Department was on routine patrol. At approximately 7:00 p.m., he was talking to Officer Carey, also of the Ironton Police Department and also on routine patrol. Carey noticed Cox drive by and, since he thought Cox's operator's permit was under suspension, he radioed the dispatcher to confirm or dispel his suspicions. The dispatcher checked and notified Carey that Cox did not have driving privileges. The officers pulled Cox over, arrested him and cited him for driving while under suspension.

The case came on for trial to court on December 1, 1993. Cox entered a plea of no contest and explained that he did not know his operator's license was under suspension. He said he had not received notice of the suspension from the Bureau of Motor Vehicles. The state introduced a statement from the Bureau of Motor Vehicles which stated that notice of the suspension had been mailed. Cox was found guilty and timely filed a notice of appeal. He assigns the following error.

### ASSIGNMENT OF ERROR

"The trial court abused its discretion by finding the defendant-appellant guilty of driving under suspension despite the fact that the state of Ohio is unable to prove the defendant appellant was actually served notice of said suspension."

In a single assignment of error, Cox asserts that, since the state cannot affirmatively prove he received notice of the suspension, the conviction must be reversed.

A plea of no contest admits all factual allegations presented and the issue thus becomes whether Cox had notice, that is, actual knowledge or reason to know, that he was under suspension at the time of his arrest.

The record contains a copy of an envelope, returned to the Bureau of Motor Vehicles and dated June 16, 1993. The envelope shows Cox's address as 202 Kemp Avenue, Ironton. The ticket issued to Cox shows his address as Route # 1, Box 181, Pedro, Ohio. A reasonable inference is that Cox changed addresses and did not notify the Bureau of Motor Vehicles.

The state cites *State v. Hapsic* (1991), 73 Ohio App.3d 804, 598 N.E.2d 803, to support its argument that where the Bureau of Motor Vehicles mails a notice of a twelve-point suspension to the driver's last known address, notice is properly served. In *Moran v. Dollison* (1981), 3 Ohio App.3d 121, 3 OBR 137, 444 N.E.2d 55, however, the defendant changed addresses. After the address change, he received a ticket which listed his correct address. Nevertheless, the Bureau of Motor Vehicles mailed notification of his twelve-point suspension to his previous address. He was subsequently charged with driving under suspension. He challenged the driving under suspension charge and said that he did not receive notice of the twelve-point suspension. The trial court found him guilty, but the

Court of Appeals for Franklin County reversed. The court found that the bureau had reason to know his current address, but since the bureau had not used the correct address, Moran had not received notice of the twelve-point license suspension. The appeals court held that Moran was not aware that he had accumulated twelve points.

We find *Moran* and *Hapsic, supra,* are not inconsistent and both are persuasive. Both cases require that a driver be given notice of a suspension. In *Moran,* it was held that notice of the new address was given to the Bureau of Motor Vehicles as part of an abstract pursuant to R.C. 4507.40(B) and that notice was not sent to the last known address of the driver. In *Hapsic,* it was held that notice was, in fact, sent to the driver's last known address, but it was the wrong address because Hapsic had not notified the BMV of the change. Simply put, the failure of notice falls on the party who caused it.

In this case, there is nothing in the record to show the Bureau of Motor Vehicles knew or had reason to know Cox's current address. Service was had at his last known address, as per *Hapsic.* At trial, the court noted that Cox had been charged with driving under suspension five times and had been found guilty in April and May 1993. The trial court also found that in April 1991, Cox was placed on FRA suspension, see R.C. 4507.02(A), for a period running from April 23, 1991 through April 23, 1994. He was arrested on September 19, 1993. Under these conditions, we believe there was more than adequate evidence on which the trial court could have found beyond a reasonable doubt that Cox had sufficient notice that his operator's license was under suspension at the time of his arrest.

Cox's assignment of error is not well taken and is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

HARSHA P.J., and PETER B. ABELE, J., concur.