OPINION
{¶ 1} Appellant, Total Office Products, Inc., appeals the judgment of the Trumbull County Court of Common Pleas, affirming the Adjudication Order of appellee, Ohio Department of Administrative Services, denying Total Office Products' certification as a minority business enterprise. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} Ohio's minority business enterprise program provides "that certain percentages of the state's construction and procurement contracts are to be set aside for competitive bidding by [minority business enterprises] only." Ritchey Produce Co. v. State Dept. of Adm.Servs., 85 Ohio St.3d 194, 195, 1999-Ohio-262.
 {¶ 3} Total Office Products is an Ohio corporation, located in Warren, in the business of selling office supplies and furniture to the State of Ohio. Alfred Lunceford, an African American, is the president and sole shareholder of Total Office Products. Total Office Products has been certified as a minority business enterprise since 1990.
 {¶ 4} In 2001, Total Office Products sought to renew its certification as a minority business enterprise. The Department of Administrative Services processed the application and conducted an on-site review of Total Office Products' only office, located in Warren, Ohio. In July 2001, the Department of Administrative Services informed Lunceford of its intention to disapprove the application, although the Department had apparently already terminated Total Office Products' minority business enterprise certification in June 2001. At Lunceford's request, a hearing was held on the application. In May 2002, the hearing officer issued a report and recommendation in which he recommended denying the application. Lunceford filed objections. On August 15, 2002, the equal employment opportunity coordinator issued an adjudication order, adopting the hearing officer's report and affirming the decision to deny Total Office Products' recertification. Total Office Products v. Dept.of Adm. Servs., 10th Dist. No. 05AP-955, 2006-Ohio-3313, at ¶ 4.
 {¶ 5} Lunceford appealed the coordinator's order to the Franklin County Court of Common Pleas. In May 2003, the court found that, although the adjudication order was supported by reliable, probative, and substantial evidence, it had to be reversed *Page 3 
because the Department had failed to comply with the Administrative Procedure Act when it terminated Total Office Products' certification prior to affording it the opportunity for a hearing. Id. at ¶ 5.
 {¶ 6} In October 2003, the Department of Administrative Services conducted another on-site review of Total Office Products' office. On November 26, 2003, the Department informed Lunceford that it intended to disapprove minority business certification for Total Office Products "due to the applicant's failure to meet the requirements set out at Ohio Revised Code 122.71(E)(1), (E)(2), and Ohio Administrative Code * * * 123:2-15-01 et seq." Id. at ¶ 6.
 {¶ 7} In April 2004, again at Lunceford's request, a hearing was held on the application. On June 25, 2004, the hearing officer issued his report and recommendation, finding, in relevant part, that the minority owner did not have actual control of the day-to-day operations of Total Office Products, as required by Ohio Adm. Code 123:2-15-01 (A)(3). Id. at ¶ 7.
 {¶ 8} The hearing officer issued the following findings and conclusions. In 1997, Total Office Products entered into a joint venture agreement with Boise Cascade Office Products Company. According to the terms of the agreement, Boise would fill the orders for Total Office Products' customers. Boise would also assist Total Office Products by providing catalogues, brochures, and product/service information. Total Office Products would handle payments and customers would deal directly with Total Office Products personnel with regard to invoices, statements, refunds, charges, credits, and other account matters. In practice, however, the hearing officer determined that Total Office Products "appears to be nothing more than a conduit for the sales of Boise Cascade products, with little input, direction, or management by [Lunceford]." *Page 4 
 {¶ 9} Total Office Products only employs two employees: Lunceford, and, on a part-time basis, his wife. Contrary to the written agreement with Boise, Total Office Products' customers deal directly with service representatives employed by Boise. The phone number printed on Total Office Products invoices contacts an office operated by Boise Cascade employees. Total Office Products' letterhead contains a Columbus, Ohio address which belongs to Boise Cascade.
 {¶ 10} Total Office Products does not receive payments directly from its customers. Instead, customers are directed on the invoice to submit payments to Post Office Box 360755, Pittsburgh, Pennsylvania. This address is for a "lock box" maintained by Boise Cascade. Lunceford does not have access or authority to access the funds deposited into the lock box. Those monies are received by Boise Cascade, which deducts for various expenses and then remits the appropriate amount to Total Office Products. In light of these business arrangements, the hearing officer concluded: "Although [Lunceford] did operate a business, all of the essential aspects of control of that business were controlled by Boise Cascade, including a determination of the amount of funds to be paid to Total Office [Products]."
 {¶ 11} The hearing officer rejected Lunceford's argument that the Department of Administrative Services' notice of the April hearing was inadequate to fairly apprise Total Office Products that any issues other than the Pittsburgh lock box would be at issue. The officer found "that the question of the use of the lock-box was presented as an example of the basis for the initial determination [to deny certification], and not as an indication that the only issue [the Department] intended to present was as to its propriety. * * * [T]he notice of hearing indicated that [the Department] would be concerned with the issue of whether [Lunceford] had control and management, and *Page 5 
whether he had: `actual, ultimate control, or have [sic] the authority to control any aspects of the day to day operations, finances or management decisions and management policies of the applicant business concern.' * * * Further, the issues of the lock-box and of ownership and control were so inexorably linked, that the Notice to the appellant should be found to be adequate under the applicable statute."
{¶ l2} Lunceford filed objections to the hearing officer's report. On August 4, 2004, the equal employment opportunity coordinator issued an adjudication order adopting the hearing officer's report and denying the application for recertification. Id. at ¶ 8.
 {¶ 13} Lunceford then appealed to the Franklin County Court of Common Pleas. On June 16, 2004, the court affirmed the adjudication order. The court noted that Boise Cascade issues Total Office Products' invoices and ships the products, since Total Office Products has no storage facilities. The court further noted that Total Office Products does not maintain business records reflecting its role in the sales process.
 {¶ 14} The decision of the Franklin County Court of Common Pleas was subsequently vacated by the Tenth District Court of Appeals for lack of jurisdiction to review the adjudicatory order. The Tenth District determined that a minority business enterprise certificate is a "license" for the purposes of R.C. 119.12, which provides that "[a]ny party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance or renewal of a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located * * *." Id. at ¶ 21. Since Total Office Products does not maintain an office in Franklin County, the Franklin County Court of Common Pleas did not have jurisdiction to review the order. Id. *Page 6 
 {¶ 15} Following the vacation of the Franklin County Court of Common Pleas' decision, the coordinator for the Department of Administrative Services issued, on November 15, 2006, another adjudication order, adopting the hearing officer's June 25, 2004 report and recommendation.
 {¶ 16} Lunceford duly appealed the order to the Trumbull County Court of Common Pleas. On February 13, 2007, the court affirmed the Adjudicatory Order based on the rationale of the June 16, 2004 decision of the Franklin County Court of Common Pleas. This appeal timely follows.
 {¶ 17} On appeal, Total Office Products raises the following assignment of error: "The trial court abused its discretion in finding that the Department of Administrative Services' adjudication order was supported by reliable and probative evidence and that the adjudication order was not contrary to law."
 {¶ 18} As noted above, R.C. 119.12 provides for the appeal of adjudicatory orders issued by state agencies to courts of common pleas. In the absence of "reliable, probative, and substantial evidence" supporting the agency's order, the trial court "may reverse, vacate, or modify the order and make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with the law." Id. "The evidence required by R.C. 119.12 can be defined as follows: (1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value." Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571 (footnotes omitted). *Page 7 
 {¶ 19} The trial court's ruling may be appealed by either party "as in the case of appeals in civil actions." R.C. 119.12. "While the determination to be made by the court of common pleas is based on whether there is reliable, probative and substantial evidence to support the board's finding, the standard of review to be applied by this court is whether the court of common pleas abused its discretion in making that determination." Kennedy v. Marion Correctional Institution,69 Ohio St.3d 20, 21-22, 1994-Ohio-83 (citations omitted).
 {¶ 20} Total Office Products challenges the denial of its minority business enterprise certification on the following grounds: the Department of Administrative Services failed to provide Total Office Products with adequate notice of the scope of the April 2004 hearing on its application; Lunceford has actual control of the day-to-day operations of Total Office Products; Total Office Products is owned and controlled by a minority; and the lock box arrangement is a valid method of financing Total Office Products' contracts. If the coordinator's determination that Total Office Products received adequate notice and that Lunceford does not have actual control of the day-today operations of Total Office Products is supported by reliable, probative, and substantive evidence, the coordinator's decision must be upheld. OurPlace, 63 Ohio St.3d at 572.
 {¶ 21} Total Office Products argues the notice it received of the April 2004 hearing failed to apprise it that Lunceford's day-to-day control of Total Office Products' operations would be in issue. The notice of hearing before a government agency is required to inform the persons involved of "the charges or other reasons for the proposed action" and "the law or rule directly involved." R.C. 119.07. "The purpose of R.C. 119.07 is to give sufficient notice such that the defending party can adequately *Page 8 
prepare a defense." Backside, Inc. v. Ohio Liquor Control Comm., 10th Dist. Nos. 03AP-516 and 03AP-604, 2004-Ohio-1009, at ¶ 20 (citations omitted). "The failure of an agency to give the notices for any hearing * * * in the manner provided in this section shall invalidate any order entered pursuant to the hearing." R.C. 119.07. "[T]he determination of whether a certain form of notice violates due process must be made on a case-by-case basis." Prichard v. Crago, 11th Dist. No. 2002-P-0075, 2003-Ohio-4603, at ¶ 11 (citation omitted).
 {¶ 22} The hearing notice provided to Total Office Products stated the Department's intent to deny recertification "due to applicant's failure to meet the requirements set out at * * * Ohio Administrative Code * * * 123:2-15-01." The notice expressly cited and quoted Ohio Adm. Code123:2-15-01 (A)(3)'s requirement that the minority applicant "have actual control of the day-to-day operations of the minority business enterprise." Finally, the notice states that Total Office Products "has not established control of the funds deposited in the `Lockbox.'" The trial court concluded this notice did not limit the consideration of day-to-day control issues to the lock box, but encompassed other day-to-day operations. Moreover, the court recognized that Total Office Products would have been apprised of the fact that more than the lock box arrangement was being scrutinized by the Department's previous investigations of Total Office Products' operations and the prior hearing on its application.
 {¶ 23} The trial court's approval of the Department's conclusion that notice was sufficient is supported by reliable, probative, and substantial evidence. The statute requires notice of the particular charge and the law or rule involved. These were clearly identified in the notice as the day-to-day control of Total Office Products' operations. Total Office Products' belief that the lock box arrangement, standing alone, would be *Page 9 
determinative of the issue of whether Lunceford was in control of day-to-day operations is not reasonable. The notice provided indicates a broader inquiry. Nor was it necessary for the notice to identify every particular in which the Department felt Lunceford was not in day-to-day control. In the present case, Total Office Products day-to-day operations are of a fairly limited scope, such that a more precise statement of the shortcomings in minority control was not necessary.
 {¶ 24} Total Office Products also objects to the trial court's consideration of constructive notice to satisfy the requirements of due process. There is abundant case law, however, demonstrating that the demands of due process may be satisfied by actual or constructive notice. See, e.g. State v. Beckley, 8th Dist. No. 83254, 2004-Ohio-2977, at ¶ 17 ("having been notified to register as a sex offender in one state puts the offender on notice to inquire into the applicable law of the state in which he moves"); Zashin, Rich, Sutula Monastra Co.,L.P.A. v. Offenberg (1993), 90 Ohio App.3d 436, 443 ("where actual notice is not provided, constructive notice that comes from the court's setting down the trial date upon its docket may satisfy the dictates of due process"); Rickard v. Ohio Dept. Liquor Control (1986),29 Ohio App.3d 133, 141 ("constructive notice" that a permit to sell liquor could be abrogated through a local option election, coupled with notice by publication that such legislation was pending, satisfied due process).
 {¶ 25} Total Office Products cites Fell v. Bur. of Motor Vehicles
(1972), 30 Ohio App.2d 151, for the proposition that "[t]o notify means to give actual notice." Id. at 160. This court has previously questioned the validity of Fell on this issue. In State v. Hapsic (1991),73 Ohio App.3d 804, this court noted that the Ohio Supreme Court, inTownsend v. Dollison (1981), 66 Ohio St.2d 225, negated this part ofFelfs holding, *Page 10 
without expressly overruling Fell. 73 Ohio App.3d at 806-807. InHapsic, therefore, this court declined to follow Fell in the context of an administrative driver's license suspension. Likewise, we do not findFell persuasive on the issue of notice in the present case.
 {¶ 26} Total Office Products also challenges the trial court's conclusion that Total Office Products does not qualify as a minority business enterprise because Lunceford does not control its day-to-day operations.
 {¶ 27} "`Minority business enterprise' means an individual who is a United States citizen and owns and controls a business, or a partnership, corporation, or joint venture of any kind that is owned and controlled by United States citizens, which citizen or citizens are residents of this state and are members of the following economically disadvantaged groups: Blacks or African Americans, American Indians, Hispanics or Latinos, and Asians." R.C. 122.71(E)(1).
 {¶ 28} "`Owned and controlled' means that at least fifty-one per cent of the business, including corporate stock if a corporation, is owned by persons who belong to one or more of the groups set forth in division (E)(1) of this section, and that those owners have control over the management and day-to-day operations of the business and an interest in the capital, assets, and profits and losses of the business proportionate to their percentage of ownership. In order to qualify as a minority business enterprise, a business shall have been owned and controlled by those persons at least one year prior to being awarded a contract pursuant to this section." R.C. 122.71(E)(2).
 {¶ 29} "Supplementing the statute, a rule promulgated by the Director of Administrative Services further defines these terms and, among other things, *Page 11 
establishes the application and certification requirements for Ohio [minority business enterprises]." Ritchey Produce, 85 Ohio St.3d at 197. The rule provides that "persons who are members of [one of the economically disadvantaged minorities] must have actual control of the day-to-day operations of the minority business enterprise. Among the factors that shall be considered by the state equal employment opportunity coordinator in evaluating non-minority influence are: (a) Has the non-minority person(s) employed the owner of the applicant concern for any period of time during the three years prior to the date of application by the applicant for minority business enterprise status; (b) Is the non-minority person(s) affiliated with another business in the same or similar type of business as the applicant concern; (c) Does the non-minority person(s) exercise final authority over any aspect of the day-to-day operations of the applicant concern; (d) Does the non-minority person(s) control over the applicant concern directly or indirectly restrict the economic growth of the company; (e) The relative compensation received by the non-minority person(s) as compensation for services as a consultant, director, officer or employee rendered to the applicant concern." Ohio Adm. Code 123:2-15-01(A)(3).
 {¶ 30} Total Office Products argues the hearing officer's finding that it did not satisfy Ohio Adm. Code 123:2-15-01 (A)(3)(a) (the minority applicant may not be employed by non-minority persons), since Lunceford "did little more than serve as a conduit to [the] operation of the business concerns of Boise Cascade," is not supported by any evidence that Lunceford was employed by Boise Cascade. We disagree that the trial court erred by failing to vacate this finding of the hearing officer. Rather, the Trumbull County Court of Common Pleas adopted the position of the Franklin County Court of Common Pleas on this point: "The Court agrees that the evidence does not *Page 12 
warrant a finding that Mr. Lunceford was an employee of Boise. However, the evidence suggests that he easily could have been since Boise appears to control the pricing, invoicing, shipping, and remuneration to Total." The trial court, then, took the position that Lunceford, for all practical purposes, acted as an employee of Boise Cascade. There is no abuse of discretion in this interpretation of the evidence.
 {¶ 31} Total Office Products maintains that it is "owned and controlled" by a minority as required by the statute and regulation. Lunceford is African American, the sole stock-owner, and sole executive officer of Total Office Products, in conformity with Ohio Adm. Code123:2-15-01 (A)(1)(a). Pursuant to Ohio Adm. Code 123:2-15-01(A)(5)(a), only nonminority "stockholders, officers, directors or employees" of Total Office Products are prohibited from exercising control. Since Boise Cascade is not a stockholder, officer, director or employee of Total Office Products, its influence on Total Office Products' operations does not negate Total Office Products' status as a minority "owned and controlled" business.
 {¶ 32} We reject this argument. Total Office Products' reading of Ohio Adm. Code 123:2-15-01(A)(5)(a) completely misconstrues the sense of the regulation by adding the word "only," which is not contained in the regulation. The purpose of Ohio Adm. Code 123:2-15-01(A)(5)(a) is to make clear that nonminority stockholders, officers, directors and employees may "not exercise actual, ultimate control or have the authority to control any aspects of the day-to-day operations" of what would otherwise be a minority business concern. It does not restrict the possibility of improper influence and control of a business concern solely to nonminority stockholders, officers, directors and employees. *Page 13 
 {¶ 33} The preceding paragraph in this same code section affirmatively states that an "applicant [business] concern's management and daily business operations must be controlled by an owner(s) of the applicant concern who has (have) been determined to be a member of [one of the economically disadvantaged minorities]." 123:2-15-01 (A)(5). Nor does Ohio Adm. Code 123:2-15-01(A)(5)(a) negate other affirmative code sections, such as Ohio Adm. Code 123:2-15-01(A)(3), which provides that members of the economically disadvantaged minority groups "have actual control of the day-to-day operations of the minority business enterprise."
 {¶ 34} We emphasize the ultimate issue for consideration is whether Total Office Products is "owned and controlled" by a member of an economically disadvantaged minority group. There is no single factor or code regulation or element of Total Office Products' day-to-day operation that is determinative of this issue. Rather, the determination should be made based on the particular facts of each case, with the weight to be given any particular factor for the hearing officer and equal employment opportunity coordinator to decide.
 {¶ 35} Total Office Products' final argument is that the lock box arrangement does not violate the control requirement, since it is a valid means for Total Office Products to finance its operations. According to Total Office Products, "Mr. Lunceford cannot get financing from a bank that would allow him to maintain his contracts with the State of Ohio in the magnitude they currently stand. The Lockbox * * * serves as a form of collateral, which is the only way Total Office is able to purchase the amount of supplies it is required to supply to the State of Ohio."
 {¶ 36} Total Office Products' argument that the lock box arrangement was a financial necessity does not account for the complete release of financial control over its *Page 14 
accounts, whether receivable or payable, to Boise Cascade. The only expenses Total Office Products is directly responsible for are those associated with maintaining its Warren office. Boise also provides Total Office Products with invoicing and shipping and customer service, activities that have no obvious connection with collateral financing. Finally, assuming the lock box arrangement is a financial necessity for Total Office Products continued operation, the Department would still be justified in denying certification as a minority business enterprise. There is no exception to the control requirement in the minority business enterprise statutes and regulations for economic necessity.
 {¶ 37} For the foregoing reasons, the Department's determination that Lunceford does not have control over the management and day-to-day operations of Total Office Products is supported by abundant reliable, probative, and substantial evidence and the trial court did not abuse its discretion by approving that determination.
 {¶ 38} Total Office Products` sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas, affirming the denial of Total Office Products' certification as a minority business enterprise, is affirmed.
MARY JANE TRAPP, J., TIMOTHY P. CANNON, J.,
 concur. *Page 1