The STATE of Ohio, Appellee,

v.

BONN, Appellant.

[Cite as *State v. Bonn* (1995), 101 Ohio App.3d 69.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 2903.

Decided Feb. 8, 1995.

*Jocelyn Stefancin,* Assistant Prosecuting Attorney, for appellee.

*Donald E. George,* for appellant.

QUILLIN, Presiding Judge.

Appellant, Dottie Bonn, appeals her conviction for driving an automobile while her license was under suspension. We affirm.

Bonn's license was suspended for six months beginning in January 1994. The trial court granted her occupational driving privileges to get to and from work. In April 1994, a police officer who knew Bonn and that her license had been suspended saw her driving not far from her home near West Hill Elementary where her child attends school. Classes there begin at 8:30 a.m. and the officer reported seeing her driving at approximately 8:35 a.m. After confirming that Bonn's license was currently under suspension, the officer went to her house to issue her a citation. At that time, Bonn claimed that her boyfriend had been driving and did not mention her occupational driving privileges. At trial, Bonn admitted to having driven but claimed to have been on her way home from work. Although the establishment where she works as a dancer closes at 2:00 a.m., Bonn claims to have stayed late that night, cleaning.

The trial court found Bonn guilty of driving under suspension and Bonn appeals. The assignments of error will be addressed together.

Assignments of Error

I. "The trial court prejudicially erred to the detriment of appellant by ignoring appellant's testimony which was confirmed by the police officer who issued the citation so as to make a decision which was against the manifest weight of the evidence."

II. "The evidence is uncontradicted that appellant was on her way home, that she was on her [way] home from work, and that she had driving privileges to, from and during work such that she was violating no laws at the time that she was given a citation such that the evidence is insufficient to support the conviction."

Bonn argues that the evidence adduced at trial was insufficient to support a conviction or that the conviction was against the manifest weight of the evidence. Both of Bonn's contentions are based on the notion that the state must prove that Bonn was not driving in accordance with her occupational driving privileges. We disagree with both contentions and the underlying premise as well.

To establish a violation of R.C. 4507.02 the state must merely show that the defendant drove an automobile upon a highway after the effective date of the suspension of the defendant's license. See *State v. Morrison* (1982), 2 Ohio App.3d 364, 367, 2 OBR 421, 424–425, 442 N.E.2d 114, 118. Bonn stipulated to the fact that her license was under suspension, and the testimony of the officer

established that she was driving a car during that time. The state need prove nothing more to establish a violation of the statute. Accordingly, there was sufficient evidence to support Bonn's conviction.

Bonn claims, though, that she was wrongly convicted because she had occupational driving privileges and the state failed to prove that she was not on her way home from work when the officer observed her driving. The occupational privilege, however, operates as an excuse or justification for driving while under suspension. As such, it is an affirmative defense to the charge of driving while under suspension. *Chagrin Falls v. Somers* (May 6, 1993), Cuyahoga App. No. 91–TRD–05572B, 1993 WL 146528, unreported. Accordingly, it was Bonn's burden to establish that she was driving within the scope of the privileges and not the state's burden to show that she had exceeded them. R.C. 2901.05.

Bonn failed to make the necessary showing. Although she testified that she was returning from work when the officer saw her driving, the trial court was under no obligation to believe her. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Additionally, the trial court's decision was supported by evidence indicating that Bonn had been driving outside the scope of her privileges: when initially confronted by the officer she denied driving and claimed to have been a passenger in the car; later, she changed her story and claimed to have been driving pursuant to the privilege; she was seen driving near her child's elementary school at the approximate time that classes begin; and her place of employment had closed approximately six and one half hours before she was seen driving.

Because Bonn did not establish the affirmative defense of driving under occupational driving privileges, the trial court did not err in finding that she had violated R.C. 4507.02. Accordingly, the assignments of error are overruled.

The judgment is affirmed.

*Judgment affirmed.*

REECE and SLABY, JJ., concur.