The STATE of Ohio, Appellant,

v.

LAUCH, Appellee.

[Cite as *State v. Lauch* (1997), 122 Ohio App.3d 522.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960917.

Decided Aug. 1, 1997.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for appellant.

*James Grey Wolf*, for appellee.

PAINTER, Presiding Judge.

On August 27, 1996, Ronald W. Lauch, the defendant-appellee, was driving to get medication when Officer Douglas Abrams stopped him. Abrams had learned from an encounter with Lauch nine days earlier, after using the Mobile Data Terminal ("MDT") aboard his cruiser, that Lauch's driver's license had been suspended until March 11, 1997, as a result of a DUI violation. The MDT showed that Lauch's license was suspended, but that Lauch did have modified driving privileges. Because Abrams knew that Lauch's license was suspended, he stopped Lauch's vehicle when he saw him driving.

Abrams arrested Lauch for driving under suspension in violation of R.C. 4507.02. Lauch pleaded not guilty and moved to suppress evidence obtained from the stop. The trial court granted the motion to suppress.

The plaintiff-appellant, the state of Ohio, presents one assignment of error, claiming that the trial court erred in granting the motion to suppress where the

arresting officer had a reasonable, articulable suspicion to stop Lauch's vehicle.[1] The assignment is well taken.

When considering a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve factual questions and evaluate the credibility of the witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 582 N.E.2d 972. But an appellate court does not defer to the trial court in determining whether these facts meet the applicable legal standard, and must review, *de novo*, the ultimate issue of whether an officer had a reasonable, articulable suspicion to make an investigatory stop. See *Ornelas v. United States* (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911; *State v. Craft* (Dec. 18, 1996), Wayne App. No. 96CA0027, unreported, 1996 WL 739281.

To initiate an investigatory stop to check a motorist's driver's license, a law enforcement officer must have a reasonable and articulable suspicion that the motorist is unlicensed. *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; *State v. Chatton* (1984), 11 Ohio St.3d 59, 11 OBR 250, 463 N.E.2d 1237. Lauch contends that the stop was unreasonable because Abrams did not update the information he had concerning Lauch's license on the MDT before stopping his vehicle. But Abrams's knowledge of Lauch's license suspension was obtained only nine days earlier. And the suspension was to last for six more months. We hold that Abrams had a reasonable, articulable suspicion that Lauch may have been driving with a suspended license. See, e.g., *State v. Van Driest* (Mar. 20, 1996), Wayne App. No. 95CA0068, unreported, 1996 WL 122106; *Tallmadge v. McCoy* (1994), 96 Ohio App.3d 604, 645 N.E.2d 802 (upholding investigatory stop based upon officer's knowledge obtained ten days before stop that the vehicle owner's license was suspended); *State v. Osborne* (Apr. 21, 1997), Pike App. No. 96 CA 584, unreported, 1997 WL 200721 (upholding stop where knowledge of license suspension obtained twelve days before stop); *State v. Bailey* (Dec. 29, 1995), Ashtabula App. No. 95–A–0023, unreported, 1995 WL 815477 (upholding stop where knowledge of license suspension obtained two weeks before stop); *State v. Cumberland* (Mar. 13, 1990), Highland App. No. 704, unreported, 1990 WL 34117 (upholding stop where knowledge of license suspension obtained twenty days before stop); *State v. Honeyman* (Oct. 22, 1991), Champaign App. No. 90–CA–24, unreported, 1991 WL 216932 (upholding stop where knowledge of license suspension obtained three to four weeks before stop); *State v. Ellison* (July 14, 1994), Franklin App. No. 93APC12-1696, unreported, 1994 WL 371336; *State v. Feaster* (Mar. 16, 1992), Clark App. No. 2854, unreported, 1992 WL 52766; *State v. Fiscus* (May 30, 1989), Brown App. No.

---

1. We *sua sponte* remove this case from the accelerated calendar.

CA88–12–014, unreported, 1989 WL 56372; *State v. Saunders* (May 16, 1988), Greene App. No. 87 CA 83, unreported, 1988 WL 53930.[2]

Further, although Abrams knew that Lauch had modified driving privileges, such privileges are merely an affirmative defense to the charge of driving while under suspension. See *State v. Coulson* (Aug. 2, 1996), Hardin App. No. 6–96–04, unreported, 1996 WL 471304; *State v. Bonn* (1995), 101 Ohio App.3d 69, 654 N.E.2d 1346; *State v. Pappas* (Dec. 1, 1995), Lake App. No. 94–L–183, unreported, 1995 WL 803617; *Chagrin Falls v. Somers* (May 6, 1993), Cuyahoga App. No. 62481, unreported, 1993 WL 146528; *Marysville v. Graves* (Apr. 28, 1988), Union App. No. 14–86–16, unreported, 1988 WL 40442. A violation of R.C. 4507.02 occurs when a defendant drives an automobile upon a highway after the effective date of the suspension of the defendant's license. See *State v. Morrison* (1982), 2 Ohio App.3d 364, 2 OBR 421, 442 N.E.2d 114.

Abrams reasonably believed that Lauch's license was suspended and that Lauch was violating R.C. 4507.02. Though Abrams knew that Lauch had driving privileges to and from work and also knew that Lauch's place of employment was less than a mile from the point where he stopped Lauch, Abrams was unfamiliar with Lauch's hours of employment. Abrams was justified in investigating whether Lauch was driving within the scope of his driving privileges—had Abrams known Lauch's hours of employment, and had Lauch been driving within those hours along the route to or from work, we might reach a different result. Thus, Abrams had a reasonable, articulable suspicion that Lauch was violating R.C. 4507.02 and lawfully stopped Lauch. The trial court erred in suppressing the evidence obtained from the stop.

Accordingly, the judgment of the municipal court is reversed, and the case is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

---

2. We have provided numerous citations in response to both parties' pitiful lack of research. These recent, very relevant cases were found by the court in ninety seconds.