DECISION.
{¶ 1} Defendant-appellant Michael Chichester was charged with having a weapon under a disability,[1] carrying a concealed weapon,[2] trafficking in cocaine,[3] and possession of cocaine.[4] After the trial court denied his motion to suppress, Chichester and the state reached a plea agreement. In exchange for Chichester's guilty plea to all four charges, the state offered an agreed sentence of two years. The trial court accepted the guilty plea and imposed the two-year agreed sentence.
 {¶ 2} Chichester now appeals and argues that the trial court erred by overruling his motion to suppress. He specifically challenges the police officers' search of his person without reasonable suspicion that a crime had been committed and without permission for a consensual search.
 {¶ 3} But a guilty plea is a complete admission of the defendant's guilt. Because Chichester voluntarily, knowingly, and intelligently pleaded guilty, he may not now contest the trial court's denial of his motion to suppress on appeal.
 I. A Hand-to-Hand Transaction {¶ 4} Two plainclothed Cincinnati police officers observed Chichester make what they thought might be a hand-to-hand drug transaction at the Winton Terrace Metropolitan Housing complex. As Chichester drove towards his apartment, the police radioed for a marked police car to make a stop because the officers believed Chichester was driving without a valid driver's license.
 {¶ 5} Before the marked police car arrived, Chichester pulled into the lot outside his apartment. The plainclothed officers then exited from their car to talk to Chichester. They asked him why he was driving without a license, and he responded that he had just driven to the store. Chichester then asked them for a break on the citation.
 {¶ 6} Because the one officer knew Chichester was being investigated for aggravated burglary, the officer asked for consent to frisk him. The officers presumed consent because Chichester moved to place his hands on the car. But as they approached Chichester to frisk him, he fled.
 {¶ 7} As Chichester ran, officers heard a "clank." The officers eventually fired a Taser at Chichester to stop him. They searched him and found crack cocaine wrapped in U.S. currency. Also, a K-9 unit called to search the area of the "clank" turned up a 9mm handgun.
 II. Guilty Pleas and Constitutional Challenges {¶ 8} Chichester's first assignment of error challenges the trial court's denial of his motion to suppress. Chichester argues that the officers did not have reasonable suspicion to stop him because of a suspended driver's license, when the officers' knowledge of the suspended license was from a year before. Though Chichester's position may have merit,[5] we cannot consider the issue at this juncture.
 {¶ 9} Chichester pleaded guilty to the four charges for an agreed sentence of two years. A guilty plea waives any error in pretrial suppression motions.
 {¶ 10} The United States Supreme Court has stated that "a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."[6]
 {¶ 11} Because a guilty plea is a complete admission of the defendant's guilt,[7] "a defendant who enters a plea of guilty waives the right to appeal all nonjurisdictional issues arising at prior stages of the proceedings."[8] Thus, where a defendant voluntarily, knowingly, and intelligently pleads guilty, he may not thereafter contest on appeal an adverse ruling on a pretrial motion to suppress.[9]
 {¶ 12} In this case, Chichester knowingly and voluntary pleaded guilty to the four charges in exchange for the agreed sentence of two years. Perhaps the plea bargain was because of the possible merit of an appeal. Having received the benefit of the bargain, he cannot now challenge the trial court's denial of his motion to suppress.
 {¶ 13} Accordingly, we overrule Chichester's assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Hildebrandt, P.J., and Gorman, J., concur.
[1] R.C. 2923.13(A)(3).
[2] R.C. 2923.12(A).
[3] R.C. 2925.03.
[4] R.C. 2925.11(A).
[5] See State v. Lauch (1997), 122 Ohio App.3d 522,702 N.E.2d 434; see, also, State v. Ellington (Nov. 10, 1993), 8th Dist. No. 65266; Delaware v. Prouse (1979),440 U.S. 648, 99 S.Ct. 1391.
[6] See Menna v. New York (1975), 423 U.S. 61, 62-63,96 S.Ct. 241, fn. 2.
[7] Crim.R. 11(B)(1).
[8] See State v. Kuhner, 154 Ohio App.3d 457, 2003-Ohio-4631,797 N.E.2d 992, at ¶ 4, citing Ross v. Court (1972),30 Ohio St.2d 323, 323-324, 285 N.E.2d 25.
[9] Id., quoting State v. McQueeny, 148 Ohio App.3d 606,2002-Ohio-3731, 774 N.E.2d 1228, at ¶ 13. See, also, Tollett v.Henderson (1973), 411 U.S. 258, 267, 93 S. Ct. 1602.