DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Lawrence County Municipal Court judgment of conviction and sentence. The trial court found James C. Jones, defendant below and appellant herein, guilty of operating a bicycle while under the influence of alcohol in violation of R.C.4511.19, and driving while under suspension and outside the scope of his limited driving privileges in violation of R.C. 4510.11.
 {¶ 2} Appellant raises the following assignments of error for review:
 FIRST ASSIGNMENT OF ERROR: *Page 2 
 "THE TRIAL COURT FOUND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND DEFENDANT GUILTY OF A VIOLATION OF R.C. 4511.19 WHEN THE CREDIBLE EVIDENCE IS THAT DEFENDANT WAS NOT RIDING UPON BUT WALKING THE BICYCLE AT THE TIME OF HIS ARREST."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN CONVICTING DEFENDANT OF DRIVING UNDER SUSPENSION WHEN THE PERIOD OF SUSPENSION HAD ENDED."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT'S FAILURE TO DISMISS THE CHARGE IN CASE NO. TRC06-1550 ON SPEEDY TRIAL GROUNDS CONSTITUTED PLAIN ERROR."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN FINDING DEFENDANT GUILTY OF DRIVING UNDER SUSPENSION BASED UPON AN ALLEGED VIOLATION OF HIS OCCUPATIONAL DRIVING PRIVILEGES BECAUSE OF A DE MINIMUS DEVIATION FROM HIS ROUTE FROM WORK TO HOME."
 {¶ 3} This appeal involves two traffic citations. The first incident occurred on May 27, 2006 at approximately 3:00 a.m., when Ohio State Highway Patrol Trooper James Schuldt observed appellant operating a child-sized bicycle without lights. Trooper Schuldt approached appellant and detected an odor of alcoholic beverage and noticed appellant's glassy and bloodshot eyes. Trooper Schuldt subsequently cited appellant for violating R.C. 4511.19(A)(1)(a) and (d). At trial, appellant claimed that he could not have been riding the bicycle because it is too small to ride. The trooper, however, testified: "[Appellant] was riding the bicycle as I passed him. He was seated *Page 3 
on the bicycle, hands on the handlebars, feet on the pedals attempting to pedal. Granted with his, the size of the bike and the size of Mr. Jones, it was difficult. I mean his elbows were up near his arms whenever he sped along and he had the gas can on the handlebars." The trial court subsequently found appellant guilty of R.C. 4511.19.
 {¶ 4} The second incident occurred on September 8, 2006. South Point Police Officer Chris Major testified that he stopped appellant's motor vehicle when he failed to dim his high beam headlights. Officer Major asked appellant for his driver's license and appellant produced a work-related limited driving privileges document that the trial court issued in connection with the May 27, 2006 traffic citation. The officer asked appellant whether he was on his way to work. Appellant answered that he was not. The officer subsequently discovered, through a computer check, that an administrative license suspension (ALS) had been issued, but that it had expired. Appellant, however, had not yet paid the fee to have his license reinstated.
 {¶ 5} At trial, appellant claimed that at the time Officer Major stopped his vehicle he was travelling home from work. He stated that he had been working on a computer at a friend's house and afterwards, he stopped to pick up his wife at a grocery store.
 {¶ 6} The trial court found appellant guilty of driving under suspension. The court explicitly found that appellant, by stopping to pick up his wife and by stopping at the grocery store, was driving outside the scope of the limited work permit driving privileges. This appeal followed.
 I {¶ 7} Appellant's first, second, and fourth assignments of error assert, in essence, that his convictions are against the manifest weight of the evidence. We combine them for ease of analysis. *Page 4 
 A MANIFEST WEIGHT STANDARD {¶ 8} When an appellate court considers a claim that a conviction is against the manifest weight of the evidence, the court must dutifully examine the entire record, weigh the evidence, and consider witness credibility. See, e.g., State v. Wilson, 113 Ohio St.3d 382,2007-Ohio-2202, 865 N.E.2d 1264, at ¶ 25. A reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve. See, e.g., State v. Issa (2001), 93 Ohio St.3d 49, 67,752 N.E.2d 904; State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356; State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Once the reviewing court finishes its examination, the court may reverse the judgment of conviction only if it appears that the fact-finder, in resolving conflicts in evidence, `"clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'"Thompkins, 78 Ohio St.3d at 387, 678 N.E.2d 541, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717; see, also,State v. McKnight, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, at TJ71.
 B DRIVING UNDER THE INFLUENCE {¶ 9} In his first assignment of error, appellant asserts that the trial court's judgment convicting him of operating a bicycle while under the influence of alcohol is against the manifest weight of the evidence. In particular, he argues that no credible evidence exists that he had been operating a bicycle. We disagree.
 {¶ 10} R.C. 4511.19(A)(1)(a) sets forth the essential elements of driving under the influence and provides: "No person shall operate any vehicle, streetcar, or trackless *Page 5 
trolley within this state, if, at the time of the operation, any of the following apply: (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 11} In the case at bar, the only element appellant disputes is whether he operated the bicycle. He claims that the evidence shows that he could not possibly have been riding the child-sized bicycle. The arresting officer, however, testified that appellant was riding the bicycle, albeit with difficulty. We find nothing in the record to show that the officer's testimony is unworthy of belief such that the trier of fact committed a manifest miscarriage of justice by believing his testimony and concluding that appellant was operating the bicycle.
 {¶ 12} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 C DRIVING UNDER SUSPENSION {¶ 13} Appellant's second and fourth assignments of error both challenge his driving under suspension conviction. Appellant contends that (1) the trial court's judgment is against the manifest weight of the evidence; (2) the evidence shows that his period of suspension had ended; and (3) he committed only a "de minimus" deviation from the scope of his court ordered driving privileges.
 {¶ 14} To establish a R.C. 4510.11 violation, the state must show that a defendant drove an automobile upon a highway after the effective date of the suspension of the defendant's license. See State v. Bonn (1995),101 Ohio App.3d 69, 71-72, 654 N.E.2d 1346 (construing former driving under suspension statute).
 {¶ 15} Appellant argues, however, that his suspension had expired. *Page 6 
 {¶ 16} We note that the officer testified that when he ran a check of appellant's license, he discovered that appellant's administrative license suspension had expired. Furthermore, appellee presented no other evidence, as we are able to discern, to show the appellant's license was suspended as of September 8, 2006. Additionally, we do not believe that appellee has clearly identified and argued the reason for appellant's alleged license suspension.
 {¶ 17} Accordingly, based upon the foregoing reasons, we sustain appellant's second assignment of error. Additionally, our resolution of appellant's second assignment of error renders his fourth assignment of error moot.
 III {¶ 18} In his third assignment of error, appellant argues that the trial court erred by failing to dismiss his operating a bicycle while under the influence charge on speedy trial grounds. We disagree.
 {¶ 19} R.C. 2945.73(B) states, "[u]pon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." Thus, the statute requires the accused to file the motion before trial. See State v.Thompson (1994), 97 Ohio App.3d 183, 186-187, 646 N.E.2d 499; see, also,State v. Ross, Ross App. No. 04CA2780, 2005-Ohio-1888, at ¶ 20. In the case sub judice, appellant did not file a motion to dismiss based upon a speedy trial violation. His failure to do so results in a waiver of the issue on appeal. See Ross; see, also, State v. Talley, Richland App. No. 06CA93, 2007-Ohio-2902 (refusing to conduct plain error analysis when defendant failed to file a motion to dismiss on speedy trial grounds);State v. Humphrey, Clark App. No. 02CA25, 2003-Ohio-2825; Ohio Criminal *Page 7 
Law, Section 60:19. But, see, Cleveland v. Ali, Cuyahoga App. No. 88604,2007-Ohio-3902, at ¶ 10.
 {¶ 20} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error. Thus, we hereby affirm in part and reverse in part the trial court's judgment.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part and reversed in part and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Abele, P.J., Harsha, J. Kline, J.: Concur in Judgment Opinion
 *Page 1